[Cite as *State v. Jackson*, 2015-Ohio-3959.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 108 |
| VS. | ) | |
| | ) | OPINION |
| KEVIN JACKSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
                            Pleas of Mahoning County, Ohio
                            Case No. 2011 CR 1191

JUDGMENT:                   Affirmed.

APPEARANCES:
For Plaintiff-Appellee      Attorney Ralph Rivera
                            Assistant County Prosecutor
                            Mahoning County Prosecutor's Office
                            21 W. Boardman Street, 6th Floor
                            Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Timothy J. Cunning
                            Scullin & Cunning
                            940 Windham Court, Suite 4
                            Boardman, Ohio 44512

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 28, 2015

DeGENARO, J.

{¶1} Defendant-Appellant, Kevin Jackson, appeals the judgment of the Mahoning County Court of Common Pleas finding he violated the terms of his community control sanctions and sentence of eighteen months. Jackson asserts that there was no basis for the trial court to find he violated community control, and alternatively, that a prison sentence could not be imposed for a community control violation because he was not advised of the potential prison term he faced for a violation at his original sentencing.

{¶2} Jackson's assignments of error are meritless. There was uncontested evidence that Jackson failed to report to his APA supervising officer in violation of his community control conditions. Further, the prison sanction imposed was proper because he was advised of the length of a potential prison term in the event that he violated his community control terms. Accordingly, the judgment of the trial court is affirmed.

{¶3} On January 18, 2012, Jackson pled guilty to Intimidation, R.C. 2921.03(A), and Retaliation, R.C. 2921.04(B)(D), both third degree felonies. The charges arose from threats Jackson made to a female corrections officer to rape and kill her upon his release from the penitentiary. At the time he made the threats, Jackson was incarcerated on an aggravated robbery conviction in the Cuyahoga County Court of Common Pleas. Subsequent to a guilty plea and the State's recommendation of community control, based in part on Jackson having spent just over five months in the Mahoning County jail on the new charges, the trial court sentenced Jackson to a five-year period of community control, to be served concurrently with Jackson's separate five-year period of post-release control on the Cuyahoga County conviction.

{¶4} On January 29, 2014, the trial court issued a warrant for Jackson's arrest based upon a report filed by the APA alleging that Jackson was instructed to report to the Youngstown APA on January 15, 2014 at 11:00 a.m. and he failed to do so. Jackson stipulated to a finding of probable cause. On July 14, 2014, the trial court found that Jackson violated the terms and conditions of his community control

and sentenced him to nine months on the Intimidation charge consecutive with nine months on the Retaliation charge for an aggregate 18 month prison term.

{¶5} In his first of two assignments of error, Jackson asserts:

The trial court erred in finding that Appellant violated the conditions of his community control.

{¶6} A community control revocation hearing is not a criminal trial and as such the State is not required to prove a violation beyond a reasonable doubt. *State v. Payne*, 12th Dist. No. CA2001-09-081, 2002-Ohio-1916, *3. Instead, the State need only present substantial evidence of a violation. *State v. McKeithen*, 3rd Dist. No. 09-08-29, 2009-Ohio-84, ¶ 6. Nonetheless, "[a] defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *Morrissey v. Brewer,* 408 U.S. 471, 480, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972). A defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of the community control. *Gagnon v. Scarpelli,* 411 U.S. 778, 92 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Due process requires a final hearing to determine whether community control should be revoked and gives the defendant an opportunity to be heard. *Id.*

{¶7} "The right to continue on community control depends on compliance with community control conditions and 'is a matter resting within the sound discretion of the court.'" *State v. Schlecht,* 2d Dist. No. 2003–CA–3, 2003-Ohio-5336, ¶ 7, quoting *State v. Johnson,* 2d Dist. No. 17420, 2001 WL 561312, *4 (May 25, 2001). As such, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion." "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21. Finally, "[t]he judgment of a trial court

revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced * * *." *State v. Knerr,* 3rd Dist. No. 2-14-03, 2-14-04, 2014-Ohio-3988, ¶14 (internal citations omitted).

**{¶8}** The State provided sufficient evidence at the revocation hearing to justify the trial court's decision to revoke Jackson's community control sanctions for failing to report. Brigitte Lincoln, testified that she worked for the APA Youngstown office and was Jackson's supervising officer. Jackson was under a duty to "obey all rules and regulations of the Adult Parole Authority." Jackson called Lincoln on January 7, 2014, to request additional time to report to her and she gave him until January 15, 2014, at 11:00 am. On that day and time Jackson did not report, nor did he make any additional contact. The defense presented no testimony or evidence **to the contrary; in fact, Jackson stipulated to probable cause**. Accordingly, Jackson's first assignment of error is meritless.

**{¶9}** In his last of two assignments of error, Jackson asserts:

The Trial Court did not comply with R.C. 2929.19(B)(4) and therefore could not sentence Appellant to a term of imprisonment.

**{¶10}** R.C. 2929.19(B)(4) provides:

If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of

prison terms for the offense pursuant to section 2929.14 of the Revised Code.

**{¶11}** This court is currently split as to the standard of review to apply in felony sentencing cases. See *State v. Hill,* 7th Dist. No. 13 MA 1, 2014-Ohio-919 (Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion); *State v. Wellington,* 7th Dist. No. 14 MA 115, 2015-Ohio-1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion). The issue of which felony sentencing standard of review to apply is currently pending before the Ohio Supreme Court. The Court has accepted the certified question: "[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *State v. Marcum,* 141 Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.3d 1195. However, this Court's disagreement regarding the standard of review is not dispositive of this appeal.

**{¶12}** Jackson argues that the trial court could not impose a prison sentence because the oral advisement at his original sentencing did not adequately specify the term of incarceration that he faced. Jackson contends that the trial court's statement that he would be put "in the penitentiary for three and three on these charges" falls short of what R.C. 2929.19(B)(4) requires and "to assume it means three years plus another three years for a total of six years is an assumption that this Court cannot make." The State does not dispute the law cited by Jackson but argues that this notification was sufficient.

**{¶13}** During the original sentencing colloquy with Jackson the trial court stated "you are charged with a Felony 3 intimidation and a Felony 3 retaliation . . . [s]o I can give you six years in the penitentiary[.]" This was later followed by the following exchange between the trial court and Jackson:

> THE COURT: If you fail to comply with [community control conditions] and you come back here and are found to be guilty of a violation, then I

will put you in the penitentiary for three and three on these charges that you pled to.

JACKSON: I don't want to see the pen no more, Your Honor.

THE COURT: I know you don't, but please understand that that's what I got to do if you get in trouble.

**{¶14}** The judgment entry stated that if Jackson violated his community control then he would receive "a longer or more restrictive sanction including a sentence to the Department of Rehabilitation and Corrections for seventy-two months." The record demonstrates that Jackson was notified that he could face six years if he violated the terms of his community control. The trial court imposed consecutive nine month terms for an aggregate 18 month sentence. Accordingly, Jackson's second assignment of error is meritless.

**{¶15}** In sum, there was uncontested evidence that Jackson failed to report to his supervising officer in violation of his community control conditions. Further, the imposed sentence was proper because the trial court's notification of the length of a potential prison term was clear. Accordingly, the judgment of the trial court is affirmed.

Waite, J., concurs
Robb, J., concurs