[Cite as *State v. Bailey*, 2016-Ohio-494.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103114**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES R. BAILEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591851-A

**BEFORE:**  Keough, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  February 11, 2016

**ATTORNEY FOR APPELLANT**

Sheila Sexton
P.O. Box 1206
Willoughby, Ohio 44096


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kelly N. Mason
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In this appeal from a community control revocation hearing, defendant-appellant, Charles Bailey, challenges his guilty plea and the revocation of community control. For the reasons that follow, we affirm.

{¶2} In December 2014, Bailey was named in a four-count indictment charging him with two counts of theft, in violation of R.C. 2913.02(A)(1), and two counts of forgery, in violation of R.C. 2913.31(A)(2). All charges were classified as fifth-degree felonies, and the victim of the offenses was Bailey's mother.

{¶3} In January 2015, Bailey pleaded guilty to one count of theft and forgery. At sentencing, the trial court found Bailey amenable to community control sanctions and sentenced him to be supervised by the adult probation department for a period of five years. The court ordered the following conditions: (1) complete an inpatient drug program, (2) report weekly to drug treatment and be subject to weekly drug testing, (3) pay the monthly supervision fee, (4) pay restitution to the victim in the amount of $275. Bailey was advised at sentencing that failure to abide by the terms and conditions of community control would result in a 24-month prison sentence. Bailey did not seek appeal to challenge his plea or sentence.

{¶4} In May 2015, the trial court scheduled a community control revocation hearing after receiving a report from Bailey's probation officer that Bailey allegedly left the inpatient drug rehabilitation facility without permission and went to his mother's

house.   During the revocation hearing, Bailey admitted to the violations, specifically that he left a note for his mother expressing his desire that she die.

{¶5} The trial court found Bailey in violation of the terms and conditions of community control and ordered that Bailey serve 24 months in prison.   Bailey now appeals, raising two assignments of error for our review.

## I.   Plea

{¶6} In his first assignment of error, Bailey contends that the trial court erred in accepting a plea that was not supported by the evidence.   Specifically, he contends that the value of the stolen items at issue in the case do not support the degree of the offense he was charged with and the sentence imposed.   Principles of res judicata, however, prohibit Bailey from challenging his plea, the level of the offense, and the sentence imposed.

{¶7}   Res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal.   *State v. Leek*, 8th Dist. Cuyahoga No. 74338, 2000 Ohio App. LEXIS 2909, *3 (June 21, 2000), citing *State v. Perry* , 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.   The appeal taken in this case is from the revocation hearing.   Bailey could have raised any issues pertaining to his plea on direct appeal, but did not do so.   Accordingly, his challenges in his first assignment of error are barred by res judicata, and therefore overruled.

## II.   Due Process Violation

**{¶8}** In his second assignment of error, Bailey contends that the trial court erred by failing to follow probation violation procedural due process and reaching a decision not supported by the evidence.

**{¶9}** Because the revocation of probation entails a serious loss of liberty, a probationer must be accorded due process at the revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct.1756, 36 L.Ed.2d 656 (1973); *State v. Miller*, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975), syllabus. A person subject to community control may be punished for a violation of conditions of community control, but only if certain due process rights are observed. *See* Crim.R. 32.3(A). The minimal due process requirements are:

> (1) written notice of the claimed violations; (2) disclosure of evidence against him; (3) opportunity to be heard and to present witnesses and documentary evidence; (4) the right to confront and cross- examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26, citing *Miller* at 104.

**{¶10}** Bailey contends that he was denied due process when he did not receive (1) written notice of the violation, (2) adequate time to prepare and defend the allegations, and (3) an opportunity to subpoena or confront witnesses. The record reflects that Bailey did not object or raise these issues at the time of the revocation hearing. Failure to timely object to a due process violation during a probation violation hearing waives error. *State v. Simpkins*, 8th Dist. Cuyahoga No. 87131, 2006-Ohio-3496, ¶ 12, citing *State v. Henderson*, 62 Ohio App.3d 848, 853, 577 N.E.2d 710 (5th Dist.1989).

**{¶11}** The record reflects that Bailey waived the probable cause hearing on the violation and admitted to the violation. (Tr. 27.) Furthermore, Bailey was afforded an opportunity to be heard about the circumstances surrounding the alleged violations, and was able to question his supervising probation officer. The trial court also made adequate inquiry into the allegations and questioned both Bailey and the probation officer prior to making any decision on revocation. Accordingly, we find no due process errors.

**{¶12}** The record also contains substantial and competent evidence to support the trial court's decision to revoke Bailey's term of community control. The evidentiary burden of proof at a violation or revocation hearing is different from that of a criminal trial. *State v. Harian*, 8th Dist. Cuyahoga No. 97269, 2012-Ohio-2492, ¶ 17. The trial court need only find that substantial evidence of a violation of a term of community control exists. *Id.*, citing *State v. Wallace*, 7th Dist. Mahoning No. 05 MA 172, 2007-Ohio-3184, ¶ 16. A court's finding of a violation based on the evidence is subject only to the judge's discretion. *State v. Jones*, 8th Dist. Cuyahoga No. 58423, 1991 Ohio App. LEXIS 2098, *9 (May 9, 1991), citing *State v. Theisin*, 167 Ohio St. 119, 124, 146 N.E.2d 865 (1957).

**{¶13}** In this case, the trial court found that Bailey violated community control orders by leaving his inpatient drug treatment facility and for having contact with this mother, the victim in this case. The court considered that Bailey's contact with his mother may not have been physical, but that the threatening and upsetting nature of the letter he wrote to her was nonetheless contact. Moreover, Bailey admitted to the

violation and on multiple instances accepted responsibility for his actions. Therefore, the court's decision to revoke and terminate Bailey's term of community control and impose a prison sentence is supported by the record. The second assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR