[Cite as *State v. Patton*, 2016-Ohio-4867.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103737**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ANTHONY PATTON, SR.

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-561447-A and CR-12-569561-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 7, 2016

**ATTORNEY FOR APPELLANT**

Kathleen Amerkhanian
Kryszak & Associates Co., L.P.A.
5330 Meadow Lane Court, Suite A
Sheffield Village, OH 44035


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Steven N. Szelagiewicz
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** Defendant-appellant Anthony Patton Sr. was found guilty of violating the terms of his community control after failing to report to his probation officer and testing positive for alcohol. The court ordered Patton to serve a 12-month prison term on the violation. On appeal, Patton complains that the court violated his due process rights at the revocation hearing, that certain conditions of community control were unreasonable and overly broad, and that his trial counsel was ineffective at his original sentencing hearing and revocation hearing. For the reasons that follow, we affirm.

**{¶2}** In December 2013, Patton pleaded guilty to attempted robbery in Cuyahoga C.P. No. CR-12-569561-A and was sentenced to two years of community control. Certain conditions of community control required Patton to report to his probation officer every two weeks, enjoined him from using drugs and alcohol, and subjected him to random drug testing. The order also stated that the terms and conditions of community control are subject to modification by the probation officer with approval of the court.

**{¶3}** Nearly a year later, Patton missed one of his scheduled appointments with his probation officer but reported to his probation officer the next day, December 5, 2014. While at his appointment, Patton submitted a urine specimen that came back positive for alcohol. To make up for the missed reporting day, Patton's probation officer advised him he would be required to come in and meet with him twice during the following week. When Patton failed to report on both days, the probation officer notified the court that

Patton was in violation of the terms of his probation. After Patton again failed to report the following two weeks, the court issued a warrant for Patton's arrest. Patton was promptly arrested and was issued a breathalyzer test that came back positive for alcohol, registering his BAC at .031.

{¶4} On January 13, 2015, Patton appeared in court with counsel on the alleged community control violation. Patton's probation officer outlined the allegations on the record: 1) Patton failed to report as directed or contact his probation officer since December 5, 2014; 2) Patton submitted urine specimen on December 5, 2014, which came back positive for alcohol; and 3) Patton submitted to a breathalyzer examination on January 8, 2015, resulting in a BAC of .031. The probation officer stated that this was Patton's first probation violation hearing in the case, and that Patton had "signed the waiver." Patton, through counsel, admitted to the violations. Counsel then addressed the court in mitigation, and Patton spoke on his own behalf. Ultimately, the court found Patton to be in violation of his community control for testing positive for alcohol and failing to report.

{¶5} Following the revocation hearing, Patton filed several pro se motions challenging his original conviction and sentence. Those motions were all denied. In November 2015, Patton filed a motion for delayed appeal with this court asking to appeal from the original sentencing order, the order revoking his community control, and an older order allowing for the reindictment of his case (the case was originally indicted as Cuyahoga C.P. No. CR-12-561447-A, but was reindicted as CR-12-569561-A). This

court granted Patton's motion for leave to appeal, stating "[m]otion by appellant, pro se, for leave to appeal is granted only as to trial court case number CR-12-569561."

**{¶6}** In his first assigned error, Patton argues that the trial court violated his due process rights at the revocation hearing and that the court abused its discretion by denying his previously filed motions. Specifically, Patton argues that his due process rights were violated when the court failed to present, in writing, the allegations against him, failed to hold a preliminary hearing on the charges, and that his admissions at the violation hearing were not knowing and informed.

**{¶7}** We cannot review whether the trial court abused its discretion by denying Patton's previously filed motions for relief. Patton only requested leave to appeal his original sentencing order and revocation hearing, therefore, those are the only orders from which this court granted leave to appeal. Accordingly, our review is limited to a direct appeal from those orders. *See State v. Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529, ¶ 14 (explaining that courts will not review orders that have not been properly appealed).

**{¶8}** "Because the revocation of probation entails a serious loss of liberty, a probationer must be accorded due process at the revocation hearing." *State v. Bailey,* 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing *Gagnon v. Scarpelli,* 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Miller*, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975), syllabus. At a minimum, due process requires the defendant be provided:

(1) written notice of the claimed violations; (2) disclosure of evidence against him; (3) opportunity to be heard and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*Bailey* at ¶ 9, citing *State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26.

{¶9} Although written notice of claimed violations is preferred, this court has held that oral notice of alleged violations may be sufficient when the oral statements "explain the basis of the revocation proceeding," "provide adequate notice to the probationer," and "provide a record for appellate review of the revocation hearing." *State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 22, citing *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 10-11, citing *Lakewood v. Sullivan*, 8th Dist. Cuyahoga No. 79382, 2002-Ohio-2134, ¶ 26.

{¶10} We conclude that oral notice of the claimed violations met the minimum due process guarantee in this case. At the violation hearing, Patton's probation officer read into the record the basis for his allegations. From this point on, Patton was aware of the allegations against him, and there was a record for appellate review. Defense counsel did not contend that the oral notification was insufficient to provide adequate notice, nor did he ask that the hearing be continued to a later date. Rather, defense counsel authoritatively addressed the court and admitted to the allegations on behalf of his client

without further discussion.   Therefore, the oral notification did not violate Patton's due process rights.

**{¶11}** Next, Patton contends that nothing in the record establishes that he knowingly waived his right to present evidence is his defense and to confront his accusers through cross-examination.   As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid. *State v. Armstrong*, 56 Ohio App.3d 105, 107, 564 N.E.2d 1070 (8th Dist.1988). Nevertheless, Ohio courts have made it clear that "[a] community control revocation hearing is not a criminal trial."   *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11.   Accordingly, "[a] defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution" and "the requirements of Crim.R.  11(C)(2) do not apply to a community-control-violation hearing." *Id.*

**{¶12}** It is important to point out that Patton is not arguing on appeal that he did not understand the rights he was waiving when he admitted to the allegations.   Instead, he simply argues that nothing in the record proves that he understood the implication of admitting to the allegations, which would include a waiver of his right to present evidence and cross-examine witnesses.   Patton misunderstands the burden of proof on this issue. In revocation hearings, trial courts are not obligated to procure a knowing waiver through a Crim.R. 11(C)(2)(c) colloquy like they are required to do before accepting a guilty plea.  Therefore, the relevant consideration is not whether the record proves that he understood

the rights he was waiving; it is whether the record in some way indicates that he did not understand the rights he was waiving. There is nothing in the record that indicates Patton unknowingly waived his rights. Generally, without affirmative evidence in the record indicating otherwise, we presume regularity in trial court proceedings. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Presuming regularity in this instance would require us to presume that the trial court and the parties would not have proceeded past the evidentiary phase of the proceedings without Patton indicating his willingness to waive his rights, through a signed declaration or otherwise.

{¶13} Moreover, even if we were to find that Patton did not waive his rights, we cannot conclude that Patton suffered any prejudice in this instance. The record shows that Patton was able to confront his probation officer during the hearing and prior to the court finding him in violation. The court allowed Patton to engage in a conversation with his probation officer about why he might have been unaware of a change in his reporting schedule. Patton does not bother to explain on appeal what evidence or witnesses he might have proffered to combat the allegations against him. Therefore, we cannot conclude that Patton's due process rights were violated because of an unknowing and unintelligent waiver of his right to cross-examine his accusers and present evidence in his defense. *Accord Armstrong* at 107.

{¶14} Patton further contends he did not knowingly waive his rights because the court failed to explain that admitting to the allegations "would result in the revocation of community control and the triggering of a prison sentence." A trial court has discretion

to revoke community control. *See* 2929.15(B)(1). By statute, a court does not have to accept a probationer's admission, nor does it have to send a probationer to prison for the violation. *See id.* Accordingly, the court was under no obligation to tell Patton that he "would" be found in violation of his community control and "would" be sent to prison, if he admitted to the allegations. In fact, one would expect a trial judge to reserve making a final determination on a community control violation until after the probationer and/or his attorney has had an opportunity to present facts in mitigation. Therefore, it would have been improvident for the trial court to tell Patton that if he admitted to the allegations he would be found in violation and sentenced to prison, when the trial court had yet to make that determination.

{¶15} Patton is also incorrect in stating that the record is devoid of any explanation of the possibility of receiving prison time on a community control violation. The original sentencing entry adequately explains the consequences of violating the terms and conditions of his community control, because it states that "[v]iolation of the terms and conditions may result in more restrictive sanctions, or a prison term of 18 month(s) as approved by law."

{¶16} Lastly, the court did not fail to hold a preliminary hearing on the allegations as Patton contends. It is clear from the transcript that the violation hearing began as a preliminary hearing and then transitioned into a revocation hearing once Patton's probation officer informed the court that Patton had "signed the waiver." After the court accepted the waiver, the hearing took on a decidedly different tone — indicating that it

had progressed past the preliminary phase — when the judge asked counsel whether Patton admitted or denied the allegations. Although, on appeal, Patton argues that the state fails to explain that this waiver was actually a waiver of his right to a preliminary hearing, he offers no evidence to suggest that the waiver was not a waiver of that kind, nor does he deny that he executed the waiver. Again, without any indication to the contrary, we presume regularity in the trial court proceedings. *Raber,* 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, at ¶ 19.

{¶17} Accordingly, we overrule Patton's first assignment of error.

{¶18} In his second assigned error, Patton argues that the trial court's prohibition against alcohol consumption was overly broad and unreasonable. Generally, a trial court has broad discretion when deciding and imposing the terms and conditions of community control. *Lakewood v. Hartman*, 86 Ohio St.3d 275, 277, 714 N.E.2d 902 (1999). Accordingly, we review the imposition of these terms and conditions for an abuse of discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. A court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} Appellate courts evaluate the reasonableness of probation conditions using the three-prong test articulated in *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). Under the test, courts should:

> consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*Id.*

{¶20} Patton maintains that he has never had any problems with alcohol dependence and that there is no connection between alcohol consumption and the crime committed (robbery) in this case. Therefore, he feels that the prohibition on alcohol consumption was unreasonable. In support of his argument he cites to two cases, *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, and *State v. Chavers*, 9th Dist. Summit No. 04CA0022, 2005-Ohio-714, ¶ 12, where courts have found that a community control condition prohibiting alcohol consumption was unreasonable when the record failed to show a connection between alcohol consumption and the criminal acts.

{¶21} We do not agree that the trial court abused its discretion by imposing a prohibition on alcohol consumption in this case. At the sentencing hearing, Patton admitted that he was high on cocaine when he committed the robbery — which, in his own estimation, clouded his judgment and led him to commit the offense. After hearing this, the court imposed a prohibition on drugs and alcohol and informed Patton that he would be randomly tested for these substances. This was a reasonable condition. Alcohol, like cocaine, is an intoxicant, and Patton admitted to making poor decisions while intoxicated. Moreover, *White* and *Chavers* are easily distinguishable from this case, because neither of the two defendants admitted to being intoxicated when they committed their respective crimes and the record in those cases did not indicate that drug or alcohol usage contributed to the criminal acts.

{¶22} In his final assignment of error, Patton contends that his legal counsel was ineffective at both his original sentencing, for failing to object to the prohibition on alcohol consumption, and at his revocation hearing for not challenging the alcohol portion of the violation;  for failing to object to various due process violations; and for failing to cross-examine the probation officer.   We find no merit to these arguments.

{¶23} The test for ineffective assistance of counsel requires a defendant to prove "1) that counsel's performance was deficient, and 2) that the deficient performance prejudiced the defendant."   *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing a claim of ineffective assistance of counsel, we examine whether counsel's acts or omissions "were outside the wide range of professionally competent assistance" while "recogniz[ing] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."   *Id*. at 690.   To establish the second element of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶24} Given the reasonable relationship between the robbery offense and the prohibition on alcohol consumption, we cannot conclude that counsel was ineffective for failing to object to the condition at the original sentencing hearing.   Moreover, as explained above, we do not find any due process violations in the handling of Patton's community control violation and revocation hearing.   Accordingly, counsel was not

ineffective for failing to object on due process grounds either. Indeed, it would have been unreasonable for Patton's attorney to challenge the alcohol prohibition at the revocation hearing. By that point Patton had been submitting to random drug and alcohol testing for nearly a year and, by his own admission, knew that he should not be consuming alcohol. We, therefore, find that it was reasonable professional judgment for Patton's counsel to forego challenging the court's decision to impose the alcohol prohibition in favor of a more pragmatic approach — having Patton explain to the court that he had consumed only a small amount of alcohol for medicinal purposes.

{¶25} Lastly, Patton does not attempt to show how he might have been prejudiced by his attorney's decision to not cross-examine the probation officer. Although Patton claims that cross-examination would have revealed that his probation officer failed to notify him about a change in his reporting schedule, there is no indication from the record that this would have changed the ultimate outcome of the hearing. In fact, Patton had a chance to confront his probation officer in open court and discuss why he was not aware of the change in his reporting days for the end of December. The discussion revealed that Patton did not know about the change in his reporting days because Patton failed to report during the week of December 8, 2014, when he would have been informed of the holiday reporting schedule. Accordingly, Patton's probation officer did not fail to inform him of the change in the schedule, rather Patton failed to stay informed.

{¶26} Patton's third assigned error is overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR