[Cite as *State v. Greene*, 2018-Ohio-1965.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106028

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**THIOTIS GREENE**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602591-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Owen M. Patton
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}**    Defendant-appellant, Thiotis Greene ("appellant"), brings the instant appeal challenging the trial court's sentence on his drug possession conviction.  Specifically, appellant argues that he did not waive his right to a preliminary hearing to determine whether there was probable cause that he violated the terms of his community control sanctions and that the trial court abused its discretion in finding that he violated the terms of community control.  After a thorough review of the record and law, this court vacates and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

**{¶2}**    Following a traffic stop on January 8, 2016, appellant was arrested for driving without a driver's license.  During an inventory search of the vehicle, officers recovered marijuana and a substance they suspected to be crack cocaine.

{¶3} Appellant made an initial appearance via video conference on January 12, 2016. The trial court declared appellant to be indigent and assigned a public defender to represent appellant.

{¶4} In Cuyahoga C.P. No. CR-16-602591-A, the Cuyahoga County Grand Jury returned an indictment on January 26, 2016, charging appellant with drug possession, a fifth-degree felony in violation of R.C. 2925.11(A). Appellant was arraigned on January 29, 2016. He pled not guilty to the indictment.

{¶5} On April 19, 2016, appellant pled guilty to the drug possession offense as charged in the indictment. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶6} The trial court held a sentencing hearing on May 17, 2016. The trial court sentenced appellant to community control sanctions for a term of one and one-half years. The trial court set forth the following conditions of appellant's community control: (1) appellant to abide by all rules and regulations of the probation department; (2) appellant to be supervised by Group C; (3) appellant to report monthly, or more frequently if directed to do so by his probation officer; (4) appellant to pay a monthly supervision fee of $20; (5) appellant is eligible to request early termination when all conditions have been met; (6) appellant to submit to random drug testing until appellant has three consecutive negative screens; (7) appellant to attend programming as directed by probation officer; (8) the conditions and terms of probation are subject to modification by the probation officer and approval of the trial court. The trial court advised appellant that he would be sentenced to one year in prison if he failed to follow any of the community control conditions or the rules of the probation department.

{¶7} On June 13, 2017, the trial court issued a capias for appellant for failing to comply

with the rules of his probation. On July 7, 2017, the trial court held a hearing on an alleged community control violation. Appellant's probation officer advised the trial court that she was notified by Cleveland police officers on June 8, 2017, that appellant was arrested for domestic violence. The probation officer asserted that appellant's "violent arrest" constituted a violation of community control sanctions. (Tr. 24.) Appellant, through counsel, acknowledged that he had, in fact, been arrested. Appellant's counsel stated that although appellant had been arrested, there was no indication that he would be charged as a result of the incident. Counsel further asserted that appellant had been "fully compliant" with the terms of community control.

{¶8} The trial court stated that the police report indicated that appellant may have violated the terms of community control during the incident by consuming alcohol. The trial court explained, "[w]ell, the allegation that [appellant] was highly intoxicated[.] * * * So I would suggest it's a violation of probation — the intoxication, the fact that he was drinking at all, is one thing." (Tr. 26.)

{¶9} Appellant's counsel explained that appellant admitted to "ingesting a beer," but denied being intoxicated during the incident. Appellant addressed the court and admitted that he consumed one beer. Appellant acknowledged, however, that he was aware that he was not supposed to consume even one drink. (Tr. 28.) Appellant disputed the police report's description of the incident.

{¶10} The victim of the domestic violence incident addressed the trial court and explained that the description of the incident in the police report was not accurate. The victim asserted that to her knowledge, appellant was not intoxicated.

{¶11} The trial court found that appellant violated the terms of his community control sanctions. As a result, the trial court terminated appellant's community control and sentenced

appellant to nine months in prison.   The trial court explained that it sentenced appellant to prison based on his record, including his previous convictions for offenses of violence, the fact that he was arrested for domestic violence, the fact that appellant was on probation in federal court,[1] and the fact that appellant was intoxicated or consumed at least one beer.   The trial court opined that it was highly doubtful that appellant consumed only one beer during the domestic violence incident.

{¶12} On July 19, 2017, appellant filed the instant appeal challenging the trial court's judgment.   He assigns two errors for review:

I. The record does not establish that either the trial court held or that appellant waived his right to a preliminary hearing to determine whether there was probable cause that appellant violated the terms of his community control sanction.

II. The trial court's termination of community control sanction based upon appellant having at least one beer was an abuse of discretion as the record does not reflect that refraining from use of alcohol was a condition of his community control sanction.

## II.   Law and Analysis

### A. Preliminary Probable Cause Hearing

{¶13} In his first assignment of error, appellant argues that the trial court did not hold a preliminary hearing — prior to a revocation hearing — to determine whether there was probable cause that appellant violated the terms of his community control sanctions.   He further contends that he did not waive his right to the preliminary probable cause hearing.

---

[1] At the time of appellant's arrest on January 8, 2016, he had pled guilty and was awaiting sentencing on fraud-related charges in a criminal case in the United States District Court for the Northern District of Ohio. Appellant was sentenced to five years of probation on January 19, 2016.

**{¶14}** Appellant did not object to the trial court's failure to hold a preliminary hearing. Accordingly, he has waived all but plain error. *State v. Murphy*, 91 Ohio St.3d 516, 747 N.E.2d 765 (2001), quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968) ("Even constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.'"). Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We are mindful that notice of plain error "'is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶15}** In support of his argument that the trial court was required to hold a preliminary probable cause hearing, appellant directs this court to *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Appellant appears to argue that *Gagnon* requires trial courts to conduct two separate hearings — a preliminary hearing to determine whether there is probable cause that the probationer violated the conditions of probation, and, after determining that probable cause exists, a subsequent hearing to determine whether probation should be continued or revoked. Appellant's argument is misplaced.

**{¶16}** A trial court's revocation of community control can result in a serious loss of liberty, so "a probationer must be accorded due process at the revocation hearing." *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 9, citing *Gagnon* at 781; *State v. Miller*, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975), syllabus.

> A defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *State v. Roberts*, [2017-Ohio-481, 84 N.E.3d, ¶ 18 (2d Dist.)], citing *Gagnon*. Due process also requires a final hearing to determine whether community control should be revoked. *Id*.

*State v. Cox*, 8th Dist. Cuyahoga No. 105932, 2018-Ohio-748, ¶ 15.

{¶17} In *Cox*, the trial court held a hearing on probable cause and revocation on the same day. *Id*. at ¶ 15. During the probable cause portion of the hearing, both the defendant and the probation officer testified regarding the defendant's alleged violation for failing to report. This court explained that the trial court was in the best position to judge the credibility of the defendant and the probation officer regarding the alleged violation. *Id*. at ¶ 19. Under these circumstances, this court found no due process violation.

{¶18} In *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273 (8th Dist.), the defendant-appellant argued that the trial court violated his due process rights at the hearing on his alleged violation of community control by failing to provide him with written notice of the allegations against him and failing to hold a preliminary hearing on the alleged violations. *Id*. at ¶ 6. This court found no merit to appellant's assertion that the trial court failed to hold a preliminary hearing on the alleged violations, explaining that "[i]t is clear from the transcript that the violation hearing began as a preliminary hearing and then transitioned into a revocation hearing[.]" *Id*. at ¶ 16.

{¶19} Other Ohio appellate courts have held that when a trial court revokes community control sanctions without conducting separate preliminary and final revocation hearings, the trial court's judgment will not be reversed unless the record reflects that the defendant was prejudiced. *See State v. Thompson*, 1st Dist. Hamilton Nos. C-140746 and C-140747, 2015-Ohio-2836, ¶ 6-7, citing *State v. Delaney*, 11 Ohio St.3d 231, 234, 465 N.E.2d 72 (1984); *see also State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14, citing *State v. Miller*, 45 Ohio App.2d 301, 306, 345 N.E.2d 82 (3d Dist.1975); *State v. Jackson*,

7th Dist. Mahoning No. 14 MA 108, 2015-Ohio-3959, ¶ 9; *State v. Waddell*, 10th Dist. Franklin No. 14AP-372, 2014-Ohio-4829, ¶ 8-12. *Accord State v. Jones*, 1st Dist. Hamilton No. C-150336, 2016 Ohio App. LEXIS 2901 (May 25, 2016).

**{¶20}** In the instant matter, like *Cox*, the record reflects that the trial court held a hearing on probable cause and revocation on the same day. Furthermore, like *Patton*, the transcript from the violation hearing reflects that the hearing began as a preliminary, probable cause hearing and then, after appellant's probation officer informed the court that appellant's arrest constituted a violation of community control and appellant admitted to consuming alcohol, transitioned into a revocation hearing.

**{¶21}** During the probable cause portion of the hearing, the trial court reviewed the police report from the domestic violence incident, heard testimony from the probation officer, appellant, and the victim, and gave appellant's counsel an opportunity to address the alleged violation. The trial court was in the best position to judge the credibility of the witnesses in making its probable cause determination. The trial court did not find appellant's testimony that he only consumed one beer to be credible, emphasizing that the police report described appellant as being highly intoxicated.

**{¶22}** Additionally, we cannot say that appellant was prejudiced by the trial court's failure to hold two separate hearings. During the probable cause portion of the hearing, the record reflects that appellant was able to confront and/or address his probation officer's allegations, the allegations set forth in the police report, and the trial court's viewpoint that he violated his community control by consuming alcohol before the court found him in violation. Appellant's counsel and appellant admitted that appellant had been arrested for domestic violence and that he consumed one beer. Appellant confirmed that he consumed one beer and

explained, "[a]nd I know I'm not even supposed to have [one]. I admit to that." (Tr. 28.)

**{¶23}** Based on the foregoing analysis, we find that the trial court did not commit plain error by conducting the probable cause hearing and the revocation hearing on the same day, appellant was not prejudiced by the trial court's failure to hold two separate hearings, and appellant's due process rights were not violated. Accordingly, appellant's first assignment of error is overruled.

### B. Community Control Violation

**{¶24}** In his second assignment of error, appellant argues that there was insufficient evidence establishing that he violated the terms of his community control sanctions.

> A community control revocation hearing is not a criminal trial, so the state is not required to establish a violation of the terms of community control beyond a reasonable doubt. *State v. Davis*, 8th Dist. Cuyahoga No. 105299, 2017-Ohio-8873, ¶ 14, citing *State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist.1991). Instead, the quantum of evidence required to establish a violation and revoke a community control sanction must be "substantial." *Id*. In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence. *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 14, citing *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924. "Substantial evidence has been defined as being more than a scintilla of evidence, but less than a preponderance." *Davis* at ¶ 14, citing *State v. McCants*, 1st Dist. Hamilton No. C-120725, 2013-Ohio-2646.

*Cox*, 8th Dist. Cuyahoga No. 105932, 2018-Ohio-748, at ¶ 16.

**{¶25}** "The revocation of community control is an exercise of the sentencing court's criminal jurisdiction, and pursuant to R.C. 2929.15(B)(1), the court may extend the term of the offender's community control or impose a more restrictive sanction or a prison term if the conditions of community control are violated." *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 12 (8th Dist.). Accordingly, a trial court's decision that a defendant violated community control will not be disturbed on appeal absent an abuse of discretion. *Hayes* at ¶ 11.

**{¶26}** In the instant matter, during the hearing on appellant's alleged violations, the trial court addressed two grounds based upon which appellant allegedly violated his community control: (1) appellant's arrest for domestic violence, and (2) appellant's consumption of alcohol. The trial court ultimately determined that appellant violated community control based on the fact that appellant was arrested and the fact that appellant was intoxicated during the incident that resulted in his arrest. (Tr. 34.) After reviewing the record, we find that the trial court's determination that appellant violated the terms of his community control sanctions is not supported by substantial and competent evidence.

## 1. Arrest

**{¶27}** First, during the hearing on the alleged violation, appellant's probation officer testified that appellant was arrested for domestic violence on June 8, 2017. The probation officer asserted that the "violent arrest" constituted a violation of appellant's community control sanctions. (Tr. 24.)

**{¶28}** Appellant, through counsel, admitted to the facts underlying the alleged violation as set forth by the probation officer — that he had, in fact, been arrested. However, in this appeal, appellant argues that his arrest was an insufficient basis to terminate community control because he had not been charged with any criminal offenses. We agree.

**{¶29}** To the extent that the trial court found that appellant violated the terms of community control based on the fact that he was arrested, it is well established that the fact that a defendant was arrested, by itself, does not constitute a violation of community control.

> Courts have repeatedly determined that merely being charged with a crime is not sufficient to establish a probation violation. *See, e.g., Toledo v. Nova*, 6th Dist. Lucas No. L-12-1229, 2013-Ohio-1094; *State v. Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765, 900 N.E.2d 1089, ¶ 42 (2d Dist.) (stating that the fact that a criminal charge was filed, by itself, is not sufficient to prove that the defendant

committed the criminal act); *State v. Craig*, 130 Ohio App.3d 639, 642, 720 N.E.2d 966 (1st Dist.1998) (stating that the mere fact of an arrest cannot constitute a violation of community control sanctions); *State v. Kidwell*, 10th Dist. Franklin No. 94APA06-883, 1995 Ohio App. LEXIS 564 (Feb. 16, 1995) (revocation of probation predicated solely upon arrest, without additional evidence, is reversible error); *State v. Moine*, 72 Ohio App.3d 584, 589, 595 N.E.2d 524 (9th Dist.1991) (stating that an arrest does not constitute a violation of probation). Rather, the violation must be based on some inquiry into the facts supporting the charge, or some examination into the evidence underlying the offender's arrest. *Toledo* at ¶ 7, citing *Craig* at 642.

*State v. Washington*, 8th Dist. Cuyahoga Nos. 101157 and 101170, 2015-Ohio-305, ¶ 36. Although appellant was arrested on June 8, 2017, it is undisputed that he was not subsequently charged with any criminal offenses.

{¶30} The record reflects that the trial court did inquire about the factual basis that led to appellant's arrest. First, defense counsel acknowledged that appellant had been arrested. However, counsel explained that there was no indication that appellant would be charged for his involvement in the incident.

{¶31} Second, the trial court reviewed the allegations set forth in the police report. The police report alleged that appellant pushed the victim to the ground and that he was threatening the victim in front of a child. A knife was involved in the altercation, and both appellant and the victim sustained injuries to their hands from the knife. (Tr. 26.)

{¶32} Third, appellant explained that he resolved the dispute with the victim that led to the altercation: "everything is over and done with, and me and [the victim are] cool." (Tr. 27.) Appellant disputed the police report's description of the incident.

{¶33} Fourth, the victim addressed the trial court and asserted that the allegations in the police report were not true. The victim explained that appellant did not threaten her and that she did not get into an argument with appellant. Rather, appellant had a disagreement with her son.

**{¶34}** Appellant's probation officer did not provide any factual basis for appellant's arrest. The probation officer merely asserted that appellant was arrested for domestic violence and that the arrest constituted a violation of community control.

**{¶35}** One of the conditions of appellant's community control sanctions was to abide by the rules and regulations of the probation department. While it is conceivable that the probation department's rules require probationers to refrain from violating laws, committing criminal acts, and engaging in violent conduct, appellant's probation officer did not identify any specific condition of community control or probation department rule that appellant violated. *See Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765, 900 N.E.2d 1089, at ¶ 15, 36 (defendant was alleged to have violated Rule # 1, which required him to refrain from committing a criminal act and also to immediately contact his probation officer if he was arrested or questioned by law enforcement.).

**{¶36}** The record reflects that the state was represented at the hearing on the alleged violation by appellant's probation officer. There is no indication that the state was otherwise represented by a representative of the Cuyahoga County Prosecutor's Office. As such, other than the probation officer's assertion that appellant had been arrested, there was no other explanation of the factual basis for appellant's arrest or examination of the evidence underlying the arrest.

**{¶37}** As noted above, the trial court referenced the allegations in the police report during the hearing on the alleged violation. There was no testimony, however, from the officer that authored the report or any of the other officers that were involved in the incident that led to appellant's arrest.

**{¶38}** We recognize that the trial court was in the best position to judge the credibility of the probation officer, appellant, and the victim. Nevertheless, we find that the trial court abused its discretion in finding that appellant violated the terms of his community control sanctions based on the fact that he was arrested. The trial court's determination that appellant violated the terms of community control in this regard is not supported by substantial and competent evidence in the record.

### 2. Alcohol Consumption

**{¶39}** Aside from the probation officer's testimony that appellant's arrest constituted a community control violation, the trial court also noted that the police report alleged that appellant was "highly intoxicated." (Tr. 26.) The trial court opined that appellant's intoxication constituted a violation of community control. The trial court explained, "[w]ell, the allegation that [appellant] was highly intoxicated[.] * * * So I would suggest it's a violation of probation — the intoxication, the fact that he was drinking at all, is one thing." (Tr. 26.)

**{¶40}** Both appellant and his counsel admitted to the facts underlying the alleged violation that the trial court posited — that appellant consumed alcohol on the night of the incident during which he was arrested. Appellant acknowledged that he consumed one beer even though he was aware that he was not supposed to do so.

**{¶41}** In this appeal, appellant argues that the trial court erred by finding that he violated the terms of community control by consuming alcohol because he was not ordered to refrain from consuming alcohol as a condition of community control. We agree.

**{¶42}** To the extent that the trial court found that appellant violated the terms of community control based on the fact that he was "highly intoxicated" during the incident that led to his arrest, the record reflects that the trial court did not explicitly order appellant to abstain

from consuming alcohol as a condition of community control. Although the trial court ordered appellant to submit to random *drug* testing as a condition of community control, the court did not order appellant to submit to alcohol screening. *See, e.g., State v. Pierce*, 8th Dist. Cuyahoga No. 104275, 2017-Ohio-1036, ¶ 41 (defendant was sentenced to five years of community control with the following conditions: "abide by the rules and regulations of the probation department. * * * 1. Regular drug testing and alcohol testing at each report date; 2. Arrest on positive drug or alcohol test[.]").

{¶43} As noted above, one of the conditions of appellant's community control sanctions was to abide by the rules and regulations of the probation department. While the probation department's rules may have required appellant to refrain from consuming alcohol, appellant's probation officer did not identify appellant's consumption of alcohol as an alleged violation of community control. Furthermore, the trial court did not seek confirmation from or the input of the probation officer after suggesting that appellant violated community control by consuming alcohol.

{¶44} Based on the foregoing analysis, we find that the trial court abused its discretion in finding that appellant violated the terms of his community control sanctions based on the fact that he was purportedly intoxicated during the incident that led to his arrest. The trial court's determination that appellant violated the terms of community control in this regard is not supported by substantial and competent evidence in the record.

{¶45} For all of the foregoing reasons, appellant's second assignment of error is sustained.

### III. Conclusion

**{¶46}** After thoroughly reviewing the record, we find that trial court did not commit plain error by consolidating the preliminary probable cause hearing and the revocation hearing into a single hearing. Appellant was not prejudiced by the trial court's failure to hold two separate hearings.

**{¶47}** The trial court abused its discretion in finding that appellant violated the terms of his community control sanctions because the court's finding is not supported by substantial and competent evidence in the record. The trial court's judgment finding that appellant violated the terms of community control is reversed and the nine-month prison sentence is vacated.

**{¶48}** This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION;
KATHLEEN ANN KEOUGH, J., CONCURS IN PART AND CONCURS IN JUDGMENT ONLY IN PART WITH SEPARATE OPINION

EILEEN T. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

{¶49} I concur with the majority's decision to reverse and remand this case to the trial court. However, rather than finding insufficient evidence of a community control violation, I would reverse on grounds that appellant's constitutional right to be informed of the basis for revocation prior to the community control violation hearing was violated.

{¶50} This court has held that because revocation of community control can result in a serious loss of liberty, "a probationer must be accorded due process at the revocation hearing." *Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, at ¶ 9, citing *Gagnon*, 411 U.S. at 781, 93 S.Ct. 1756, 36 L.Ed.2d 656. At a minimum, due process requires the defendant be provided:

> (1) written notice of the claimed violations; (2) disclosure of evidence against him; (3) opportunity to be heard and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a "neutral and detached" hearing body; and (6) a written statement by the factfinder of the evidence relied upon and reasons for revocation.

*State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26, citing *Miller*, 42 Ohio St.2d at 104, 326 N.E.2d 259.

{¶51} This court has held that although written notice of claimed violations is preferred, oral notice of the violations may be sufficient if the oral statements "explain the basis of the revocation proceedings," "provide adequate notice to the probationer," and "provide a record for appellate review of the revocation hearing." *Patton*, 2016-Ohio-4867, 68 N.E.3d 273, at ¶ 9; *See also Thompson*, 1st Dist. Hamilton Nos. C-140746 and C-140747, 2015-Ohio-2836 (Purpose of the preliminary hearing is to, among other things, provide the defendant with notice of the alleged violations.).

{¶52} The probation officer stated the alleged violations on the record at the start of the hearing as follows:

On 6-8 of '17 this officer was notified by the Cleveland Police Department that the defendant was arrested for domestic violence. That is considered a violation of community-controlled sanctions for a violent arrest.

(Tr. 24.) The officer said nothing of appellant's consumption of alcohol, his criminal record, or his being on probation in federal court. After hearing the alleged violation, the court questioned defense counsel about the arrest for domestic violence. Appellant, through counsel, admitted he had been arrested but asserted that no charges had been brought against him. Every person accused of a crime is innocent until proven guilty. *State v. Davis*, 8th Dist. Cuyahoga No. 103906, 2016-Ohio-5630, ¶ 12, citing R.C. 2901.05(A). Therefore, appellant's arrest for domestic violence could not serve as a basis for terminating his community control.

**{¶53}** Although the probation officer made no other allegations of community control violations, the court reviewed the police report from the arrest and spontaneously identified other "concerns of potential violations," and asked defense counsel to address "those concerns." (Tr. 26.) Defense counsel, who had no notice of any other "potential violations" asked for clarification: "Being which concerns specifically, Judge?" And the court continued, in relevant part:

Well, the allegation that he was highly intoxicated * * *

\* \* \*

So I would suggest it's a violation of probation — the intoxication, the fact that he was drinking at all, is one thing.

(Tr. 26.)

**{¶54}** The court then asked appellant if he had been drinking. Appellant's counsel stated that appellant "would deny being intoxicated. However, he would admit to ingesting a beer." Appellant and his girlfriend, the alleged domestic violence victim, also informed the court that

appellant was not intoxicated. Nevertheless, the court asked appellant if he consumed one beer, and appellant replied: "One beer, sir. And I know I'm not even supposed to have it. I admit to that." (Tr. 28.)

**{¶55}** As previously stated, the domestic violence arrest could not serve as a basis for revoking appellant's probation, because he was never charged with domestic violence. Thus, the court found him in violation of his community control because he consumed alcohol. The majority observes that because the trial court never explicitly ordered appellant to abstain from consuming alcohol, his consumption of alcohol could not constitute a community control violation.

**{¶56}** However, the terms of appellant's community control required him to "abide by all rules and regulations of the probation department." Those rules and regulations are not part of the record, and we have no way of knowing whether alcohol consumption was proscribed by them. Both the court and appellant, however, acknowledged that alcohol consumption was prohibited. "'In the absence of documents demonstrating the error complained of, we must presume regularity in the proceedings.'" *State v. Goines*, 8th Dist. Cuyahoga No. 105436, 2017-Ohio-8172, ¶ 30, quoting *Brandimarte v. Packard*, 8th Dist. Cuyahoga No. 67872, 1995 Ohio App. LEXIS 2095 (May 18, 1995). Therefore, we must presume that alcohol consumption was prohibited by the rules and regulations of the probation department.

**{¶57}** However, appellant had no notice that alcohol consumption would be used as a basis to revoke his community control sanctions because this violation was provided to appellant in writing and was not included in the charges orally presented by the probation officer at the start of the hearing. This lack of notice was a due process violation. Therefore, I would sustain the first assignment of error and reverse the trial court's judgment on that basis.

KATHLEEN ANN KEOUGH, J., CONCURRING IN PART AND CONCURRING IN JUDGMENT ONLY IN PART:

{¶58} I concur with the majority's resolution of the first assignment of error. Regarding the second assignment of error, I concur that the trial court abused its discretion in finding that appellant's arrest was a violation of his community control sanctions. I concur in judgment only regarding the majority's resolution of the trial court's finding that appellant's alcohol consumption was a basis for a community control violation.

{¶59} The record reflects that appellant was not given notice prior to the revocation hearing that his alcohol consumption would be used as a basis to revoke his community control. Appellant did not object to the lack of notice, however. Ordinarily, failure to object to due process violations during a probation revocation waives any error. *State v. Mayfield*, 8th Dist. Cuyahoga Nos. 69051, 69052 and 69053, 1996 Ohio App. LEXIS 2158, 4 (May 23, 1996). However, a party who fails to object to a due process violation at the hearing may still prevail on appeal if the procedural error rises to the level of plain error. *State v. Harmon*, 2d Dist. Champaign No. 2007 CA 35, 2008-Ohio-6039, ¶ 11. The plain error doctrine permits an appellate court to reverse the judgment of the trial court if the error was of such nature that the outcome of the hearing would have been otherwise but for the error. *Id.* I find plain error in this case.

{¶60} I agree that appellant's admission that he was "not even supposed to have it" demonstrates that alcohol consumption was prohibited as a term of his community control sanctions. But because appellant was not afforded notice prior to the revocation hearing that alcohol consumption would be used as a basis to revoke his community control sanctions, I find plain error in the trial court's decision to revoke appellant's community control on this basis.

Accordingly, I concur in judgment only with that part of the majority opinion addressing appellant's alcohol consumption.