The STATE of Ohio, Appellee,

v.

WAGNER, Appellant.

[Cite as *State v. Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22676.

Decided Nov. 7, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, for appellee.
Marshall G. Lachman, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Dionte A. Wagner, appeals from an order of the trial court revoking his community-control sanction, previously imposed for his conviction for aggravated burglary, and imposing a three-year sentence. Wagner contends that the evidence in the record does not support the finding of the trial court that he violated the terms of his community-control sanction. We agree.

{¶ 2} The revocation of Wagner's community-control sanction was predicated upon the theory that he had committed two acts of domestic violence and that he had failed to report these charges to the officer of the court supervising him. The evidence in the record relating to the two alleged acts of domestic violence is

that both charges were dismissed and that Wagner testified that he did not commit them. The only evidence in the record relating to the reporting of the charges is that Wagner reported the first charge to the appropriate officer the day after he became aware of it and that Wagner was not aware of the second charge until he reported to the appropriate officer for a scheduled visit and was arrested on that charge. We conclude that the evidence in the record fails to establish, by a preponderance of the evidence, that Wagner violated the terms of his community-control sanction. Accordingly, the order of the trial court revoking his community-control sanction and imposing a three-year sentence for the original offense of aggravated burglary is reversed. This cause is remanded for further proceedings consistent with this opinion.

## I

{¶ 3} In December 2006, Wagner was charged by indictment with one count of aggravated burglary. He pleaded guilty to the charge. On May 2, 2007, Wagner was sentenced to community-control sanctions, including 60 days' incarceration in jail.

{¶ 4} In January 2008, the Division of Criminal Justice Services filed a notice of community-control-violation hearing and order alleging that Wagner had violated the terms of his community control by violating rule Nos. 1, 3, 4, and 7 of the terms of his community-control sanction. Early in the revocation hearing, the trial court limited the scope of the hearing:

{¶ 5} "THE COURT: Make something clear [sic], the fact that he didn't do the personal planning project yet is not part of this.

{¶ 6} "MR. LACHMAN [representing Wagner]: Just to make—exactly. You don't—but it's not—yeah.

{¶ 7} "THE COURT: It's not part of this revocation.

{¶ 8} "MR. LACHMAN: And the community service is not a part of the revocation.

{¶ 9} "THE COURT: I think it's pretty clear—

{¶ 10} "MR. LACHMAN: We're just going to focus on the rule one.

{¶ 11} "THE COURT: —that the treatment at Daymont to handle the alcoholism took priority over the other issues, and it was the two arrests for domestic violence and assault—

{¶ 12} "MR. LACHMAN: Then I will focus on—

{¶ 13} "THE COURT: —and the failure to notify that are the basis of this."

{¶ 14} The notice of community-control-violation hearing and order set forth the rule No. 1 violation as follows:

{¶ 15} "You violated Rule # 1, 'I shall refrain from violation of any law (Federal, State, County and City). I shall get in touch immediately with my probation officer if arrested or questioned by a law enforcement officer.' You were arrested on December 1, 2007 for Domestic Violence and Assault in C# 2007–CRB–19164. You were arrested for Domestic Violence and Assault on December 15, 2007 in C# 2007–CRB–19942."

{¶ 16} Other than by conclusively stating that Wagner had violated rule No. 1, the notice does not specifically allege either that Wagner had in fact committed two acts of domestic violence and assault, or that he failed to report to his probation officer that he had been arrested or questioned in connection therewith, but these allegations appear to have been implied by the notice to the extent that both the state and Wagner addressed them at the hearing.

{¶ 17} At the conclusion of the hearing, at which both Wagner and two probation officers who had charge of him at different times relevant to the allegations testified, the trial court rendered its decision orally from the bench:

{¶ 18} "THE COURT: Mr. Lachman, I respectfully disagree with you that I do not have enough to violate the Defendant [sic] at this time. And I'll tell you why.

{¶ 19} "First of all, I believe I made a mistake in placing Mr. Wagner on community control sanctions in the first place. It's an F1 including violent. I rarely put anyone with an F1 including violent on community control.

{¶ 20} "I can't remember why I did because I'm looking at the probation report. It notes in part, 'Mr. Wagner is a violent man who has shown in the past that he is unwilling and/or unable to comply with the conditions of supervision as is evidenced by his continued criminal behavior while on supervision in Case Number 01 CR 3458 and the multiple revocations which were filed. He has proven that he has no respect for authority and has justifications for violence.' That recommended strongly that I sentence him to prison.

{¶ 21} "Apparently, there was something in Mr. Wagner I thought was amenable to change and I was wrong.

{¶ 22} "You say there's no reason to revoke him. And if, in fact, there wasn't any reason, I would have to keep him on community control.

{¶ 23} "However, I do not believe Mr. Wagner's testimony in part. Granted, the first domestic violence, he reported according to the records. However, there are two domestic violence charges in December both of which if you listen to Mr. Wagner, I'm not sure what testimony you listened to, Mr. Lachman, but he told

us he had no idea, nothing happened, he went out, was kicking it with his friends the first time and the second time I don't think he ever mentioned anything that would indicate he had any idea that a charge was filed. I find that totally ludicrous.

{¶ 24} "He also said he had no problem with alcohol, maybe not, but certainly not now. But he was doing it because I made him, okay.

{¶ 25} "Come to the second domestic violence. This is a man, sir, you have 12 juvenile offenses, one misdemeanor offense, three misdemeanor domestic violence or resisting arrest that were dismissed. So, you know how the process works. Two felonies of assault on police officers, and then this one.

{¶ 26} "The second offense occurred around December 15th after the December 11th, 12th, 10th, whatever meeting it was with Ms. Koenig. He never came in. You called and said you'd be coming, but you didn't come in. It's clear to me you knew about the second domestic violence. You didn't want to come in and face it and you didn't report at your probation officer.

{¶ 27} "That's a violation of rule number one. I find that you knew about the second domestic violence assault charge and that you did not get in touch immediately with your probation officer.

{¶ 28} "Additionally, you were scheduled to report on December 27th and were declared an absconder on those dates.

{¶ 29} "Sir, if it were just for those violations, failure to report, I might give you a second chance. However, I think you are dangerous. I think that if I continue you on community control sanctions, there is a great probability that your baby's mama [using a term Wagner had used in his testimony to refer to the alleged victim] or your babies would be seriously injured because I believe you're out of control.

{¶ 30} "I am sentencing you to the minimum sentence. That's three years. There's anger management in the institution. I strongly recommend that you get into those kind of classes, and I also recommend that you get some AA classes because sir, even here, sitting here, knowing I'm considering revoking you, you still don't really admit you've got an alcohol problem and it appears that when you drink, you get violent either with the police, with your baby's mama, with your babies, it doesn't matter.

{¶ 31} "And I'm not going to take the responsibility of having you out there on my watch because I think you will offend again, and that's the reason for it."

{¶ 32} Wagner appeals from the order of the trial court revoking his community-control sanction and imposing a three-year sentence.

II

{¶ 33} Wagner's sole assignment of error is as follows:

{¶ 34} "The trial court abused its discretion when it revoked the defendant's community control sanctions and sentenced the defendant to three years in prison."

{¶ 35} The state contends, and we agree, that its burden of proof at a revocation hearing is by the preponderance of the evidence. *State v. Stockdale* (Sept. 26, 1997), Lake App. No. 96–L–172, 1997 WL 663688.

{¶ 36} The alleged violations that were the subject of the hearing involved rule No. 1. This rule required Wagner to refrain from committing a criminal act, and also to "get in touch immediately with [his] probation officer if arrested or questioned by a law enforcement officer." Wagner testified that he was never questioned by a law-enforcement officer with respect to either domestic-violence charge, and this testimony was unrebutted. Wagner also testified that he was not arrested for either domestic-violence charge until his arrest for the second domestic-violence charge occurred in the office of Kirsten Williams, Wagner's probation officer at the time, to whom he was then reporting.

{¶ 37} There is no evidence in this record from which the trial court could find that Wagner was arrested or questioned by a law-enforcement officer and failed to get in touch with his probation officer immediately, as required by the rule. The state seems to have been under the misapprehension that Wagner had been arrested on the first domestic-violence charge, but acknowledged in its closing argument that this was not the case:

{¶ 38} "I was initially under the impression that the Defendant was arrested, which would have made this a little bit more clear cut, but that's not how it turned out. We've since learned that he did let his probation officer at the time know about the first charge that he picked up."

{¶ 39} The trial court seems to have been under the impression that rule No. 1 required Wagner to report to his probation officer if he became aware that a criminal charge had been filed against him. The trial court seems to have been under the further impression that Wagner bore the burden of proof on this issue, and chose to disbelieve Wagner's unrebutted testimony that he did not know about the second charge until he was arrested in his probation officer's office. But the state bore the burden of proof on this issue, even if rule No. 1 could be fairly interpreted as including within the scope of its requirement the reporting of mere knowledge of the pendency of a criminal charge. The state candidly admitted in its closing argument that it had failed in this burden of proof:

{¶ 40} "And there's really nothing I can do to show that he knew about the second one. It appears from my review of the court records that none of the court's paper work reached him successfully."

{¶ 41} Also included in the rule No. 1 allegations, at least by implication, are the actual acts of domestic violence themselves. These could certainly serve as a basis for revoking Wagner's community-control sanction, but there is insufficient proof that they actually occurred. The only evidence in the record concerning them is that the charges were filed but were later dismissed, a double-hearsay reference by Wagner's probation officer to the essence of the allegations set forth in the police reports concerning the two offenses (which were not witnessed by the police), and Wagner's testimony that he did not commit acts of domestic violence against the alleged victim.

{¶ 42} What seems to have occurred with respect to both charges is that the complaining witness recanted and withdrew her allegations. We know that this is a common problem with charges of domestic violence, and we can understand the trial court's concern in this case. Nevertheless, the fact that a criminal charge was filed, by itself, is not sufficient to prove, even by a preponderance of the evidence, that Wagner committed the criminal act. We conclude that a double-hearsay reference to the essence of the allegation of the offense in a police report does not add sufficient evidence to prove, by a preponderance of the evidence, that a criminal offense occurred.

{¶ 43} Finally, the trial court made reference, in its oral decision from the bench, to Wagner's failure to have reported on December 27, 2007. This was after the trial court had limited the scope of the hearing to the rule No. 1 violations, which did not include the alleged failure to report on December 27th. The scope of the hearing having been so limited, it would be a violation of due process to predicate the revocation of Wagner's community-control sanction on this allegation.

{¶ 44} In any event, Wagner testified that he attempted multiple times to call Amanda Koenig, who had been his probation officer, to reschedule his December 27th reporting date: "Every time I called her, I kept getting the same message, that she'd be out for Christmas." Unbeknownst to Wagner at that time, Koenig was then in the midst of transferring supervision of Wagner to Kirsten Williams. Koenig acknowledged that she received voicemail messages from Wagner during this time, but they never actually made contact. Koenig testified that Wagner usually kept his appointments. Wagner did receive written notification of his January 9th appointment, and he appeared at the appointed place and time. Even if Wagner's failure to have reported on December 27th had been within the scope of the hearing, we conclude that it would not constitute an

adequate basis, on this record, for the revocation of his community-control sanction.

{¶ 45} Wagner's sole assignment of error is sustained.

## III

{¶ 46} Wagner's sole assignment of error having been sustained, the order of the trial court revoking his community-control sanction and imposing a three-year sentence is reversed, and this cause is remanded for further proceedings consistent with this opinion. These further proceedings may include consideration of the other alleged violations of the terms of Wagner's community-control sanction, which were not within the scope of the hearing.

Judgment reversed
and cause remanded.

BROGAN and GRADY, JJ., concur.