[Cite as *State v. Taylor*, 2016-Ohio-4948.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016 AP 01 0005 |
| MARLON TAYLOR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
                             of Common Pleas, Case No.
                             2015CR010001


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      July 8, 2016


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant


RYAN STYER                            GERALD A. LATANICH
Tuscarawas County Prosecutor          153 North Broadway
MICHAEL J. ERNEST                     New Philadelphia, Ohio 44663
Assistant County Prosecutor
For Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

*Hoffman, J.*

{¶1} Defendant-appellant Marlon F. Taylor appeals the January 12, 2016 Judgment Entry entered by the Tuscarawas County Court of Common Pleas revoking his community control sanctions and imposing a twelve month prison term. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2} On August 13, 2015, Appellant was sentenced following his plea of guilty to one count of possession of cocaine, in violation of R.C. 2925.11, a fifth degree felony. The trial court imposed a term of two years of community control sanctions subject to general supervision and control of the Adult Parole Authority.

{¶3} On November 19, 2015, Appellant was arrested by the Newark Police Department and charged with tampering with evidence, a felony of the third degree.

{¶4} On December 30, 2015, the state of Ohio filed a motion to revoke Appellant's community control. The matter proceeded to a Notice Hearing on January 4, 2016, and a Merits/Evidentiary Hearing on January 11, 2016.

{¶5} Officer Dale Jennings testified at the hearing. Jennings is Appellant's probation officer with the State of Ohio, working in Coshocton County. He was assigned to supervise Appellant at all times relevant herein. Officer Jennings testified Appellant failed to report as scheduled and failed to obtain a substance abuse assessment as ordered. He further testified he had learned Appellant was arrested in Licking County a new felony charge, which charge remained pending.

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

**{¶6}** Via Judgment Entry of January 12, 2016, the trial court granted the state's motion to revoke.

**{¶7}** The trial court's January 12, 2016 Judgment Entry states,

Based upon the testimony and the exhibits presented and admitted into evidence of the Court, the Court **FINDS** that the State of Ohio has proven by a preponderance of the evidence that the Defendant violated the terms and conditions of supervision as follows:

1. On or about October 21, 2015, the defendant failed to report to his Parole Officer as instructed;

2. On or about November 19, 2015, the Defendant was arrested by Newark Police Department and charged with Tampering with Evidence (F-3); and

3. The Defendant failed to obtain a substance abuse assessment.

The Court **FINDS** that the Defendant has violated the terms and conditions of his community control sanctions.

It is therefore **ORDERED** that the Motion to Revoke shall be **granted.**

**{¶8}** The trial court's Judgment Entry imposed a twelve month term of incarceration in a state penal institution on Appellant's conviction for possession of cocaine and further imposed a term of post-release control.

**{¶9}** Appellant appeals, assigning as error,

**{¶10}** "I. MERELY BEING CHARGED WITH A CRIME CANNOT BE THE BASIS FOR A COMMUNITY CONTROL SANCTION VIOLATION.

**{¶11}** "II. THE COURT ABUSED ITS DISCRETION IN IMPOSING A PRISON SENTENCE FOR MINOR COMMUNITY CONTROL SANCTION VIOLATIONS."

I.

**{¶12}** In the first assignment of error, Appellant maintains the trial court erred in revoking his community control based upon a consideration of his being arrested and charged in Newark, Ohio, with tampering with evidence. We agree.

**{¶13}** A criminal charge, by itself, is not sufficient to prove, even by a preponderance of the evidence, a criminal act was committed. *State v. Wagner* 179 Ohio App.3d 165, 2008-Ohio-5765. Mere arrest does not constitute a violation of probation. *State v. Moine*, 72 Ohio App.3d 584 (1991).

**{¶14}** The Eighth District recently found in *State v. Washington*, Cuyahoga App. Nos. 101157, 101170, 2015-Ohio-305,

Courts have repeatedly determined that merely being charged with a crime is not sufficient to establish a probation violation. *See, e.g., Toledo v. Nova,* 6th Dist. Lucas No. L–12–1229, 2013–Ohio–1094; *State v. Wagner,* 179 Ohio App.3d 165, 2008–Ohio–5765, 900 N.E.2d 1089, ¶ 42 (2d Dist.) (stating that the fact that a criminal charge was filed, by itself, is not sufficient to prove that the defendant committed the criminal act); *State v. Craig,* 130 Ohio App.3d 639, 642, 720 N.E.2d 966 (1st Dist.1998) (stating that the mere fact of an arrest cannot constitute a violation of community control sanctions); *State v. Kidwell,* 10th Dist. Franklin No. 94APA06–883, 1995 Ohio App. LEXIS 564, 1995 WL 68164 (Feb. 16, 1995) (revocation of probation predicated solely upon arrest, without additional evidence, is

reversible error); *State v. Moine,* 72 Ohio App.3d 584, 589, 595 N.E.2d 524 (9th Dist.1991) (stating that an arrest does not constitute a violation of probation). Rather, the violation must be based on some inquiry into the facts supporting the charge, or some examination into the evidence underlying the offender's arrest. *Toledo* at ¶ 7, citing *Craig* at 642, 720 N.E.2d 966.

**{¶15}** We find the trial court erred in finding Appellant's arrest and pending charge in Licking County for tampering with evidence, constituted a violation of Appellant's community control sanction. However, we find the evidence supports the trial court finding of violation on the other two specified grounds. Nevertheless, because the pending Licking County charge was improperly considered by the trial court, we believe justice is best served by vacating Appellant's sentence and remanding the matter to the trial court to resentence Appellant without consideration of his arrest and charge in Newark on tampering with evidence.

**{¶16}** Appellant's first assignment of error is sustained.

II.

**{¶17}** In the second assignment of error, Appellant argues the trial court abused its discretion in imposing a prison sentence for Appellant's violation of community control sanctions.

**{¶18}** Based upon our analysis and disposition of Appellant's first assigned error, we find Appellant's second assignment of error premature.

{¶19} The January 12, 2016 Judgment Entry entered by the Tuscarawas County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur