[Cite as *State v. Moll*, 2020-Ohio-2784.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

            v.

CASE NO. 4-19-17

TIMOTHY J. MOLL,

    DEFENDANT-APPELLANT.

O P I N I O N

**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 14-CR-11954**

**Judgment Affirmed**

**Date of Decision:  May 4, 2020**

APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Joy S. O'Donnell* **for Appellee**

Case No. 4-14-17

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Timothy J. Moll ("Moll") brings this appeal from the judgment of the Court of Common Pleas of Defiance County. Moll alleges that he was denied the effective assistance of counsel when he admitted to violating the conditions of his community control. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 10, 2014, Moll entered a guilty plea to one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Doc. 6. The trial court subsequently sentenced Moll to five years of community control, with a prison term of seven years held in reserve. Doc. 7. On March 28, 2019, the State filed a motion to revoke Moll's community control for multiple violations of his community control conditions. Doc. 20. The motion was dismissed on July 30, 2019, because Moll was already incarcerated in a correctional facility due to community control violations in a different case. Doc 34.

{¶3} On August 6, 2019, the State filed a second motion to revoke Moll's community control alleging that he had possessed suboxone. Doc. 35. A hearing was held on the motion on September 17, 2019. Doc. 42. Moll admitted to the alleged violation. *Id.* The trial court accepted the admissions after advising Moll of all the rights he was waiving by entering the admission. *Id.* Counsel for Moll spoke in mitigation of the punishment and Moll also addressed the trial court. *Id.* The trial court then revoked community control and imposed the reserved prison

-2-

term of seven years. *Id*. Moll filed a timely appeal from this judgment. Doc. 44.

On appeal, Moll raises the following assignment of error.

> **[Moll] was denied his constitutional right to effective assistance of counsel.**

{¶4} In the sole assignment of error, Moll claims that he was denied the effective assistance of counsel when his counsel advised him to admit to the violation of the terms of his community control sanctions.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test."

*State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶5} Moll claims that his counsel was ineffective because counsel recommended that he admit to the violation rather than demand a contested hearing. Moll appears to argue that his counsel was per se ineffective by not giving any advice. However, the record reflects that Moll did receive advice from counsel, but the advice was not as beneficial to Moll as he had hoped. The fact that the advice was not as successful as one hoped is not a per se case of ineffective assistance of counsel.

{¶6} This Court notes that the alleged violation was that Moll was found in possession of suboxone in violation of the requirement that he not have controlled substances. At the hearing, the following dialogue occurred after counsel notified the court that Noll wished to admit to the alleged violation.

> **The Court: Mr. Noll, normally the State has to show probable cause or reasonable grounds to believe you broke some rule of community control. If they show that we would have a further**

hearing called a merits or adjudicatory hearing, at which time the State would have to prove at least by a preponderance of the evidence that you broke some rule. If they prove that we go ahead with disposition that is what to do about the violation. Disposition could be anything from continuing you on community control supervision to adding conditions of supervision that can include local jail time, all the way up to and including revoking community control, anything up to the balance of your reserved seven year term on this offense could be imposed. If you admit that you violated your rules the State will not have to prove it we'll go ahead with disposition. If that happens the State may make a recommendation about disposition that will be taken into account, but the Court is not required to follow it. Do you understand all that?

The Defendant: Yes, Sir, Your Honor.

The Court: Are you involved Mr. Keween?

Mr. Keween: Yes, Sir.

The Court: What happened?

Mr. Keween: On 8/5/19 he tested positive for Suboxone. In essence, a urine sample, or a drug test was administered at CTF and the tests showed positive for Suboxone.

The Court: He was at CTF?

Mr. Keween: Yes, Sir. He was serving a sanction for the Adult Parole Authority on a PRC case.

The Court: Mr. Moll, do you understand what it is the State says you did that amount to a violation of your rules?

The Defendant: Yes, Sir, Your Honor.

The Court: Is that what happened?

The Defendant: Yes, Sir, Your Honor.

**The Court: The Court will accept the admission. My recollection is that this matter was pending a community control violation for another behavior?**

**Mr. Furnas: He was hanging out with convicted criminals as well as people he was not, or was instructed not to hang out with. He was further – had in his possession methamphetamines.**

**The Court: But then the APA put him in CTF –**

**Mr. Furnas: That's correct.**

**The Court: -- on a PRC sanction.**

**Mr. Keween: And we dismissed – The State dismissed their motions –**

**The Court: Dismissed the motion to revoke because we were going to let him complete the CTF.**

**Mr. Keween: Yes, Sir. And because of the urine he was subsequently dismissed unsuccessfully from CTF and at, uh, he's already admitted to the PRC violation and we anticipate 180 day sentence, uh, [INAUDIBLE] coming down this month from our hearing officer.**

**The Court: Which is?**

**Mr. Keween: A prison sanction.**

**The Court: That's all he can do with him, right?**

**Mr. Keween: Yes, Sir.**

Tr. 2-5.[1] After this, Moll's counsel argued in mitigation of the sentence, requesting

that the trial court continue community control rather than revoking it and sending

---

[1] This court notes that since this was a revocation of community control hearing, the State's burden of proof was merely preponderance of the evidence, not beyond a reasonable doubt as would be required at the initial criminal trial which led to the community control sanctions. *State v. Wagner*, 179 Ohio App.3d 165, 2008-

Moll to prison. Tr. 6-8. The State then noted that Moll had failed to report to his probation officer when ordered to do so, thus continuing to be in violation of the terms of his community control sanctions. Tr. 8. Moll then made statements on his own behalf where he admitted to failing out of CTF, getting high, and that he would be serving a prison term for violation of PRC. Tr. 9-12.

{¶7} A review of the record in this case does not indicate that there was either a substantial violation of counsel's duties or that counsel's recommendation was prejudicial. The statements by the probation officer and the prosecutor showed that Moll had clearly violated the terms of his community control. The very fact that the prior motion was dismissed due to Moll being sent to a rehabilitation facility for use of methamphetamines shows that Moll had violated condition eight of his community control (prohibited possession of any illegal drug). At the time of the hearing, Moll was incarcerated for violating a similar condition of PRC. Given the facts before the trial court, this Court cannot say that the trial court was likely to find no violation without the admission. The record does not indicate any prejudice from the advice of counsel. The assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County is affirmed.

*Judgment Affirmed*

---

Ohio-5765, ¶ 35, 900 N.E.2d 1089 (2d Dist.). The statements presented by the prosecutor and the probation officer indicate that the State likely could have readily presented evidence to show the violation by a preponderance of the evidence.

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**