[Cite as *State v. Delong*, 2022-Ohio-4233.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO.  9-22-09

     v.

ROGER DELONG,                         O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Marion County Municipal Court
Trial Court No.  CRB 2102139

Judgment Affirmed

Date of Decision:  November 28, 2022

APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *Caleb Carson, III* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Roger Delong ("Delong"), appeals the February 2, 2022 judgment entry of the Marion County Municipal Court after Delong was found guilty (by a jury) of domestic violence. For the reasons that follow, we affirm.

{¶2} This case stems from a physical altercation between Delong and Kimberly Baker ("Baker"), which resulted in Baker being injured. On October 18, 2021, a complaint was filed in the trial court charging Delong with domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. Delong appeared for arraignment on the same day and entered a not-guilty plea. Law enforcement became involved after Baker requested assistance by virtue of a 9-1-1 emergency call.

{¶3} On February 2, 2022, Delong's jury trial commenced wherein he was found guilty of the domestic-violence charge. Then, the trial court held a sentencing hearing and sentenced Delong to serve 180-days in jail.

{¶4} Delong filed a timely notice of appeal and raises five assignments of error. We will address his arguments in the order that they were presented.

**Assignment of Error I**

**The trial court erred when it allowed statements of the alleged victim, who was not present at trial, in violation of the Confrontation Clause of the 6th and 14th Amendments to the United State Constitution.**

{¶5} In his first assignment of error, Delong asserts that he was denied the right to confront his accuser in violation of the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution. Specifically, Delong asserts that the trial court erred by permitting the State to present Baker's out-of-court statement (her 9-1-1 call to police) because she was not present at trial.

*Standard of Review*

{¶6} Generally, a trial court has broad discretion with respect to the admission of evidence. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62. Accordingly, we will not disturb the trial court's evidentiary rulings absent an abuse of discretion that produces a material prejudice to the aggrieved party. *State v. Gipson*, 3d Dist. Allen No. 1-15-51, 2016-Ohio-994, ¶ 48, citing *State v. Roberts*, 9th Dist. Summit No. 21532, 2004-Ohio-962, ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in reaching its ruling. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶7} However, we review hearsay-evidentiary rulings that implicate the Confrontation Clause under a de novo standard of review. *State v. Armour*, 3d Dist. Allen Nos. 1-22-05 and 1-22-06, 2022-Ohio-2717, ¶ 37, citing *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-

12-38, 2013-Ohio-647, ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Analysis*

**{¶8}** Importantly, Delong objected to the introduction and admission of State's Exhibit A, Baker's 9-1-1 emergency call, on the basis that Baker's statement in the call represented an incomplete statement because it was anticipated that Baker would testify at trial and recant her earlier statements. The State argued that Baker's 9-1-1 call was nontestimonial in nature and was made contemporaneous with a startling event as an excited utterance. The trial court overruled Delong's objection and admitted State's Exhibit A, which was subsequently played for the jury.

*Confrontation Clause*

**{¶9}** "The Confrontation Clause to the Sixth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that "'[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."'" *State v. Thomas*, 3d Dist. Marion No. 9-19-73, 2020-Ohio-5379, ¶ 17, quoting *Crawford v. Washington*, 541 U.S. 36, 42, 124 S.Ct. 1354, 1359 (2004), quoting the Confrontation Clause. The similar provisions of Section 10, Article I of the Ohio Constitution "provide[ ] no greater right of confrontation than the Sixth Amendment * * *." *State v. Self*, 56 Ohio St.3d 73, 79 (1990).

{¶10} "Only testimonial hearsay implicates the Confrontation Clause." *McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, at ¶ 185. "'[T]estimonial statements are those made for "a primary purpose of creating an out-of-court substitute for trial testimony."'" *Id.*, quoting *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 40, quoting *Michigan v. Bryant*, 562 U.S. 344, 358, 131 S.Ct. 1143, 1155 (2011). Statements qualify as testimonial if they have a "primary purpose" of "establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 2274 (2006). The Confrontation Clause prohibits admission of testimonial hearsay statements made by a witness who does not appear at trial "unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness." *Maxwell* at ¶ 34, citing *Crawford* at 53-54, 124 S.Ct. at 1365.

{¶11} Significantly, the trial court, in this case, was not asked to consider whether the statements were testimonial or nontestimonial before considering the content of the 9-1-1 emergency call in determining whether Baker's statements were admissible. Both the State and Delong agreed that the statements were nontestimonial. Instead, Delong argued that because Baker was not available to testify (at trial), her nontestimonial statements were rendered testimonial and thereby prejudiced him. Ultimately, the trial court determined that the statements were admissible under the Rules of Evidence (as an excited utterance) never

reaching a determination regarding whether the statements were rendered testimonial based upon the witness's unavailability under Delong's Confrontation-Clause argument.

{¶12} Nevertheless, in our de novo review, we conclude that the 9-1-1 emergency call was not testimonial in nature. *See State v. Douglas*, 3d Dist. Marion Nos. 9-18-19 and 9-18-20, 2019-Ohio-2067, ¶ 29, citing *State v. Smith*, 1st Dist. Hamilton No. C-160836, 2017-Ohio-8558, ¶ 37 ("Because 911 calls seeking police assistance are not testimonial in nature, the Confrontation Clause does not apply."), citing *State v. McGee*, 1st Dist. Hamilton No. C-150496, 2016-Ohio-7510, ¶ 16. Indeed, the 9-1-1 emergency call was placed to address an ongoing emergency involving Baker and Delong. Because the statements at issue were nontestimonial and because the 9-1-1 emergency call was placed by Baker seeking law enforcement's assistance, we do not need to reach a determination regarding whether Baker was unavailable or whether Delong had a prior opportunity to cross-examine her.

{¶13} Accordingly, this portion of this assignment of error lacks merit.

*Admissibility under the Rules of Evidence*

{¶14} Even when the Confrontation Clause does not operate to prohibit the admission of a hearsay statement, the statement may nonetheless be inadmissible under the Rules of Evidence. *See State v. Nevins*, 2d Dist. Montgomery No. 21379,

2007-Ohio-1511, ¶ 36, ("[T]estimony may be admissible under the Confrontation Clause yet inadmissible under the rules of evidence, and vice versa * * *."). Thus, having addressed that the 9-1-1 emergency call was not barred by the Confrontation Clause, we now turn to address whether it was admissible under the Rules of Evidence, wherein we will apply an abuse of discretion standard of review.

{¶15} Hearsay is defined to mean "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement." Evid.R. 801(C). In the instant case, the declarant is Baker and the witness testifying as to her oral statements (in the 9-1-1 emergency call) is Dispatcher Heidi Crow ("Crow").[1] Under the Rules of Evidence, hearsay is generally inadmissible unless an exception to the hearsay rule applies. Evid.R. 802. "Evid.R. 803 is one such rule which permits the admission of certain hearsay statements even though the declarant is available as a witness." *Dayton v. Combs*, 94 Ohio App.3d 291, 300 (2d Dist.1993).

{¶16} Evid.R. 803 is titled **Hearsay Exceptions; Availability of Declarant Immaterial**. Evid.R. 803 provides in its pertinent parts:

> The following are not excluded by the hearsay rule, *even though* the declarant is available as a witness:

---

[1] Even though Delong (in his merit brief) detailed his oral statements made to Officer Hannah Greer ("Greer") while addressing his assertions relating to the degree of temporal proximity between the incident and the statements made by Baker to Crow in her 9-1-1 emergency call, Delong's assignment of error and his prayer for relief specifically requests that we determine whether Baker's statements (and not Delong's statements) were admissible. Thus, we will not address the admissibility of Delong's statements to Greer.

Case No. 9-22-09

* * *

> (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

(Emphasis added.) Evid.R. 803(2). Hence, the rule itself provides that the availability of the declarant is immaterial, and thus, no finding of unavailability of the declarant is necessary to admit a statement under Evid.R. 803(2). *See State v. Dever*, 64 Ohio St.3d 401, 414, 1992-Ohio-41, citing Evid.R. 803. This excited-utterance exception "derives its guaranty of trustworthiness from the fact that declarant is under such state of emotional shock *that his [or her] reflective processes have been stilled*. Therefore, statements made under these circumstances are not likely to be fabricated." (Emphasis sic.) (Brackets added.) *State v. Taylor*, 66 Ohio St.3d 295, 303, citing McCormick § 297 (2d Ed. 1972).

{¶17} A four-part test is applied to determine the admissibility of statements as an excited utterance:

> (a) That there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his [or her] reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his [or her] actual impressions and beliefs, and thus render his [or her] statement of declaration spontaneous and unreflective,
>
> (b) That the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his [or her] reflective faculties so that such domination continued to remain sufficient to make his [or her] statements and declarations the

-8-

unreflective and sincere expression of his [or her] actual impressions and beliefs,

(c) That the statement or declaration related to such startling occurrence or the circumstances of such starling occurrence, and

(d) That the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.

(Brackets added.) *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 166, quoting *Potter v. Baker*, 162 Ohio St. 488 (1955), paragraph two of the syllabus, followed and approved in *Taylor* at fn. 2. The statement need not be made during the course of the startling event. Rather, it is only necessary that the declarant still appeared nervous or distraught and that there was a reasonable basis for continuing to be emotionally upset. In addition, we note that that although the passage of time is relevant to our consideration of a statement implicating the excited-utterance exception, under the facts of this case, it is not dispositive of the issue. *See Taylor* at 303.

{¶18} Elements one, three, and four of the *Potter* test are clearly satisfied in this case. The domestic violence as alleged in this case was a startling occurrence, Baker's statements related to the domestic violence, and Baker, the victim, had the opportunity to personally observe Delong cause her physical harm. The element at issue is whether Baker's declarations were made before there had been time for the nervous excitement caused by the physical harm to wear off and her reflective faculties to take over. Ultimately, this issue involves a question of fact and decisions

regarding questions of fact reflected in a trial court's admissibility ruling must be reviewed based upon a reasonableness standard. *See State v. Wallace*, 37 Ohio St.3d 87, 90 (1988).

{¶19} Even though no time frames of violence were articulated by Baker during her 9-1-1 emergency call, it is apparent that this was not a static event because the event was startling enough to produce a nervous excitement in Baker evinced by her breathing pattern, her emotional state, and her tone of voice in her call for help. (*See* State's Ex. A). Moreover, and significant to us, Baker and Delong can be heard arguing throughout the 9-1-1 emergency call, and Crow, the 9-1-1 operator, had to intervene to stop Baker from responding to Delong's provocation. (*See id.*). Put more simply–there is no reason to believe that Baker's statement to Crow, made while seeking emergency assistance from law enforcement, was untrustworthy. Thus, the trial court's factual determination (i.e., startling event) was reasonable in light of the facts before us on appeal.

{¶20} Accordingly, we will not say that the trial court abused its discretion in reaching its evidentiary determinations.

{¶21} Thusly, Delong's first assignment of error is overruled.

**Assignment of Error II**

**The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim. R. 29(a) [sic] on the charge of domestic violence, and thereafter entered a judgment of conviction of that offense as the charge was not supported by sufficient evidence.**

**Assignment of Error III**

**The jury verdict on the domestic violence charge was against the manifest weight of the evidence.**

{¶22} Here, we elect to review Delong's second and third assignments of error together since they involve related issues. Delong argues in his second assignment of error that the trial court erred by denying his Crim.R. 29 motion since his domestic-violence conviction is not supported by sufficient evidence. In his third assignment of error, Delong argues that his conviction is against the manifest weight of the evidence.

*Standard of Review*

{¶23} We "review[ ] a denial of a Crim.R. 29 motion for judgment of acquittal using the same standard that is used to review a sufficiency of the evidence claim." *State v. Lightner*, 3d Dist. Hardin No. 6-08-11, 2009-Ohio-544, ¶ 11.

{¶24} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Consequently, "[t]he relevant inquiry is whether, after viewing the evidence in a

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33.

{¶25} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, *superseded by state statute on other grounds*, *Smith* at 89, and quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v.*

*Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency-of-the-Evidence Analysis*

**{¶26}** We begin by reviewing the sufficiency of Delong's domestic-violence conviction. Domestic violence under R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

**{¶27}** At trial and on appeal, Delong challenges only whether the State admitted sufficient evidence to establish that he "cause[d] or attempt[ed] to cause physical harm" to Baker. Delong asserts that since he testified at trial (that he did not cause or attempt to cause Baker physical harm) and Baker did not testify that the evidence presented by the State was insufficient to support his domestic-violence conviction. We disagree.

**{¶28}** The 9-1-1 emergency call was admitted at trial and played in open court for the jury wherein Baker identifies Delong as the person who head-butted her leaving a knot on her forehead. (Feb. 2, 2022 Tr. at 123). (*See* State's Ex. A). Crow testified that during their conversation Baker identified the assailant who head-butted her leaving a swollen knot on her head as Delong. (*Id.* at 124). Moreover, Officer Hannah Greer ("Greer") testified that Delong initially stated that he and Baker head-butted each other, but later clarified "that he head-butted her"

since she was yelling at him. (*Id*. at 136). Greer then took photos of Baker's injuries, which was presented as evidence at trial. (*See* State's Ex. B).

{¶29} We conclude that this evidence, when viewed in a light most favorable to the State, would permit a reasonable trier of fact to conclude beyond a reasonable doubt that Delong caused Baker physical harm. As such, Delong's domestic-violence conviction is based upon sufficient evidence. Accordingly, the trial court did not err by denying his Crim.R. 29 motion for acquittal.

{¶30} Having concluded that the jury's domestic-violence finding of guilt is based upon sufficient evidence, we now turn to address whether Delong's conviction is against the manifest weight of the evidence.

{¶31} Here, Delong argues that because Greer did not photograph his injuries at the scene (contrary to protocol) and since Delong gave conflicting statements (as to who was the aggressor) that the jury clearly lost its way and created a manifest miscarriage of justice.

{¶32} Whether Greer's actions were contrary to protocol is not germane to the issue at hand. The evidence recited above supports that Delong was the aggressor and not Baker.

{¶33} Significant to us, the jury had the opportunity to observe the State's witnesses and Delong while testifying both under direct and cross-examination. The jury "is best able 'to view the witnesses and observe their demeanor, gestures[,] and

voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). "[W]e are mindful of the jury's 'superior first-hand perspective in judging the demeanor and credibility of witnesses.'" *State v. Suffel*, 3d Dist. Paulding No. 11-14-05, 2015-Ohio-222, ¶ 33, quoting *State v. Phillips*, 10th Dist. Franklin No. 14AP-79, 2014-Ohio-5162, ¶ 125, citing *DeHass* at paragraph one of the syllabus. Indeed, the jury heard the witnesses' testimonies and was in the best position to determine whether the testimonies were credible.

**{¶34}** The evidence we summarized in our sufficiency-of-the-evidence analysis supports that Delong's conviction is weightier than the evidence against it. This evidence does not weigh heavily against Delong's conviction. Consequently, the jury did not lose its way and create such a manifest miscarriage of justice that Delong's conviction must be reversed and a new trial ordered.

**{¶35}** Accordingly, Delong's second and third assignments of error are overruled.

### Assignment of Error IV

**Defendant-Appellant, Roger Delong, was denied the right to effective assistance of counsel and a fair trial under the Sixth and Fourteenth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 10.**

**{¶36}** In his fourth assignment of error, Delong asserts that he received ineffective assistance of counsel. Specifically, Delong argues that his trial counsel failed to subpoena Baker to testify at trial who was *anticipated* to recant her earlier statements, and according to Delong, resulted in the erroneous admission of the 9-1-1 emergency call.

*Standard of Review*

**{¶37}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689; *State v. Harris*, 3d Dist. Allen No. 1-21-30, 2021-Ohio-4559, ¶ 6.

**{¶38}** "'To show prejudice, the [appellant] must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *State v. Moll*, 3d Dist. Defiance No. 4-19-17, 2020-Ohio-2784, ¶ 4, quoting *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 95.

**{¶39}** Even though the issue of ineffective assistance of counsel is a two-pronged analysis, the appellate court does not need to consider the facts of the case under both prongs if the appellant makes an insufficient showing on one. *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 18, citing *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, ¶ 20.

*Analysis*

**{¶40}** Here, the State elected to subpoena Baker notwithstanding the anticipation that she would recant her version of the events, and thus, the State also filed a motion requesting that the court call Baker as a witness permitting the State to proceed *as if* on cross-examination on the eve of trial. (*See* Doc. No. 32). The following day and immediately prior to the commencement of Delong's jury trial, the trial court reserved ruling on the State's motion, given that, it was unclear if Baker would appear in the first instance or what the substance of her testimony would be. (Feb. 2, 2022 at 13-16). (*See id.*).

**{¶41}** Under the facts presented, Delong cannot establish prejudice since the State did subpoena Baker, and she still failed to appear. Moreover, the substance of Baker's testimony is unknown and any reference to what she might testify to at trial is purely speculative. Moreover, it is entirely plausible and possible that, *even if* Baker had appeared for trial and testified recanting her earlier statements, that the

jury nevertheless could have elected to find her testimony not credible under the circumstances and relied upon her earlier statements to the 9-1-1 dispatcher. Consequently, this portion of Delong's argument lacks merit.

{¶42} Additionally, notwithstanding the failure of trial counsel to subpoena Baker, the 9-1-1 emergency call was admissible without respect to the availability of the declarant (Baker) because, as we concluded in our resolution of Delong's first assignment of error, Evid.R. 803 itself provides that the availability of the declarant is immaterial. *See Dever*, 64 Ohio St.3d at 414, 1992-Ohio-41, citing Evid.R. 803. Simply put–the 9-1-1 emergency call was admissible regardless of whether Baker was available to testify at trial or not. Therefore, Delong cannot establish that he has suffered any prejudice as a result of his trial counsel's failure to issue a dueling subpoena for Baker. Thus, this portion of his argument also lacks merit.

{¶43} Because Delong cannot establish that he has suffered any prejudice, we decline to address whether his trial counsel's performance was deficient or unreasonable under the circumstances. Therefore, we conclude that Delong has not met his burden to establish that his trial counsel's performance, even if deficient, prejudiced him under the second prong of *Strickland*.

{¶44} Accordingly, Delong's fourth assignment of error is overruled.

**Assignment of Error V**

**Defendant-Appellant, Roger Delong, was deprived of his rights to due process and a fair trial under the federal and state**

**constitutions by the cumulative effect of the numerous errors in this case.**

*Standard of Review*

**{¶45}** Under the cumulative-error doctrine, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Spencer*, 3d Dist. Marion No. 9-13-50, 2015-Ohio-52, ¶ 83. "'To find cumulative error, a court must first find *multiple errors* committed at trial and determine that there is a reasonable probability that the outcome below would have been different but for the combination of the harmless errors.'" (Emphasis sic.) *State v. Sutton*, 3d Dist. Seneca No. 13-21-11, 2022-Ohio-2452, ¶ 80, quoting *In re J.M.*, 3d Dist. Putnam No. 12-11-06, 2012-Ohio-1467, ¶ 36.

*Analysis*

**{¶46}** Here, we have not found *any* errors in this case, let alone, multiple errors; therefore, the cumulative-error doctrine does not apply.

**{¶47}** Accordingly, Delong's fifth assignment of error is overruled.

**{¶48}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**