**[Cite as *State v. Works*, 2023-Ohio-861.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29460 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 02306 |
| | : | |
| DELMAR WORKS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 17, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

MATTHEW M. SUELLENTROP, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Delmar Works appeals from a judgment of the Montgomery County Common Pleas Court that revoked his community control sanctions, which had been previously imposed for his conviction for failure to comply with an order or signal of a police officer; upon revocation, the trial court sentenced Works to 36 months

in prison. On appeal, Works claims that the trial court violated his due process rights and abused its discretion in revoking his community control. For the following reasons, we reverse the judgment of the trial court.

### I.    Procedural History and Facts

{¶ 2} On August 25, 2021, Works was indicted in Montgomery C.P. No. 2021 CR 2306 on one count of failure to comply with the order or signal of a police officer (serious physical harm/substantial risk), in violation of R.C. 2921.331(B) and (C)(5), a felony of the third degree. On December 6, 2021, Works entered a guilty plea as charged. On January 31, 2022, he was sentenced to community control sanctions not to exceed five years. The trial court informed Works that if he violated any community control sanction, or if he violated the law, the court could impose a longer time under the same community control sanctions, impose more restrictive sanctions, or impose a prison term of 36 months. Works did not appeal.

{¶ 3} On February 7, 2022, the Montgomery County Common Pleas Court Probation Department filed a notice of revocation alleging two violations. First, the notice alleged that Works had violated Rule #1 when he was arrested by the Dayton Police Department on January 31, 2022, for failure to comply with an order or signal of a police officer, a felony of the third degree, and obstructing official business, a misdemeanor of the third degree, and that he had also also charged with disorderly conduct through the Municipal Court West. Secondly, the notice alleged that Works had violated Rule #6 when he admitted to consuming intoxicating substances during a jail visit on February 1, 2022.

**{¶ 4}** On April 4, 2022, Works appeared for his revocation hearing in Case No. 2021 CR 2306, as well as for a scheduling conference on his newly indicted felony case, Montgomery C.P. No. 2022 CR 311. The new felony case involved one count of failure to comply with an order or signal of a police officer, a felony of the third degree. Although the court scheduled Case No. 2022 CR 311 for a jury trial at a later date, the parties participated in a full revocation hearing that day for Case No. 2021 CR 2306.

**{¶ 5}** Montgomery County Senior Probation Officer Adam Pritchard testified for the State at the revocation hearing. Pritchard stated that Works had been placed on probation in Case No. 2021 CR 2306 on January 31, 2022. Pritchard was assigned to supervise Works and met with him that same day at the probation department. Pritchard reviewed the general conditions of supervision with Works, and they both signed a copy of the conditions indicating that Works agreed to comply with the terms of supervision.

**{¶ 6}** Within hours after Works met with Pritchard, he was arrested for a new felony offense on January 31, 2022. Works was charged with failure to comply with an order or signal of a police officer, a felony of the third degree, and obstructing official business, a misdemeanor of the third degree, by the Dayton Police Department. After obtaining a copy of the police report and talking to Works, who was in the county jail, Pritchard filed the notice of revocation.

**{¶ 7}** According to Pritchard, Works admitted to consuming alcohol on January 31, 2022, prior to his arrest. After Works was released from jail, Pritchard and Works had a discussion wherein they agreed that Works would get into alcohol counseling. Works admitted to having an issue with alcohol and that it gets him in trouble.

{¶ 8} Works also testified on his own behalf at the hearing. After his arrest on January 31, 2022, Works sought alcohol treatment from Samaritan Behavioral Health. According to Works, he was not ordered to attend the treatment, but he checked himself in because he acknowledged he had a drinking problem. The last time he drank alcohol was two months prior to the hearing. He denied taking any illegal drugs.

{¶ 9} At the conclusion of the hearing, the trial court found that Works had violated both Rules charged in the probation violation notice. Immediately thereafter, the trial court imposed a sentence of 36 months in prison.

{¶ 10} Works timely appealed and presents three assignments of error for our review:

1. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW UNDER THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

2. THE TRIAL COURT'S DUE PROCESS ERRORS RESULTED IN THE TRIAL COURT'S ABUSE OF DISCRETION IN REVOKING COMMUNITY CONTROL SANCTIONS BASED UPON A TECHNICAL VIOLATION.

3. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN REVOKING COMMUNITY CONTROL SANCTIONS AND CONSEQUENTLY VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO THE PRESUMPTION OF INNOCENCE.

However, we shall address only the second assignment of error because our resolution of that claim is dispositive of this appeal.

## II. Abuse of Discretion

{¶ 11} In his second assignment of error, Works alleges that the trial court abused its discretion in finding that Works had violated his community control sanctions. While the parties dispute whether Works' alleged community control violations constituted a technical violation or not, we must first address whether there was substantial evidence of a violation at all.

{¶ 12} "The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion." *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11, quoting *State v. Jackson*, 2d Dist. Montgomery Nos. 23457 and 23458, 2010-Ohio-2836, ¶ 56. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 13} Community control revocation proceedings are not the same as a criminal trial such that the State need not demonstrate a violation of community control sanctions with proof beyond a reasonable doubt. *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12, citing *State v. Hylton*, 75 Ohio App.3d 778, 781-782, 600 N.E.2d 821 (4th Dist.1991). "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id.* "Upon revoking community control,

the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing." *State v. Shumway*, 2d Dist. Greene No. 2017-CA-51, 2018-Ohio-1227, ¶ 12, citing R.C. 2929.15(B).

{¶ 14} In this case, the State alleged that Works violated Rule #1, which stated: "I shall refrain from violation of any law (Federal, State, County and City). I shall get in touch immediately with my probation officer if arrested or questioned by a law enforcement officer." According to the notice of violation, Works was in violation of Rule #1 when he was "arrested on January 31, 2022, for Failure to Comply W/Order or Signal of Police Officer (F3), Obstructing Official Business (M3) by Dayton Police Department. You were also charged with Disorderly Conduct through the Municipal Court West."

{¶ 15} Prichard testified that he met with Works via video conference the day after he was arrested for his new felony offense. Because Prichard met with Works the day after his arrest, Prichard specifically denied that Works had been in violation of the second sentence of Rule #1. Thus, the issue before the trial court was whether there was substantial evidence that Works violated any law. We conclude that there was not.

{¶ 16} The plain language of Rule #1 provides that a probationer "will refrain from violation of any law." Several Ohio courts, including this Court, have agreed with the proposition that merely being charged with a crime is not sufficient to show a violation of

probation.   *See State v. Craig*, 130 Ohio App.3d 639, 642, 720 N.E.2d 966 (1st Dist.1998), *overruled in part on other grounds*, *State v. Giles*, 1st Dist. Hamilton No. C-010582, 2002-Ohio-3297 (stating that the mere fact of an arrest cannot constitute a violation of community control sanctions); *State v. Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765, 900 N.E.2d 1089, ¶ 42 (2d Dist.) ("Nevertheless, the fact that a criminal charge was filed, by itself, is not sufficient to prove, even by a preponderance of the evidence, that [the defendant] committed the criminal act."); *State v. Taylor*, 5th Dist. Tuscarawas No. 2016 AP 010005, 2016-Ohio-4948, ¶ 13-14 (neither an arrest nor a criminal charge, by itself, is sufficient to establish a probation violation); *Toledo v. Nova*, 6th Dist. Lucas No. L-12-1229, 2013-Ohio-1094, ¶ 7 ("the trial court abused its discretion in finding appellant in violation of his probation based solely on the fact that he was charged with another crime."); *State v. Kidwell*, 10th Dist. Franklin No. 94APA06-883, 1995 WL 68164, *2 (Feb. 16, 1995) (revocation of probation predicated solely upon arrest, without additional evidence, is reversible error).   This is because the mere fact that an individual is arrested or charged with an offense does not mean that they, in fact, committed the offense.

{¶ 17} While the State was not required to prove that Works was convicted of the crime for which he was charged, it was required to submit substantial evidence to demonstrate that Works had violated the law to serve as a basis for revoking Works' community control sanctions.   Thus, absent a conviction, the violation must be based on some inquiry into the underlying facts supporting the charge or some examination into the evidence underlying the probationer's arrest.   But in this case, there was insufficient

proof offered to demonstrate that Works had committed the offense for which he was charged.

{¶ 18} Only Pritchard and Works testified at the revocation hearing. The only charge listed in the notice of revocation that Pritchard discussed was that of failure to comply with an order or signal of a police officer. Pritchard testified that he had reviewed the police report and spoken with Works, but he did not indicate that Works had admitted committing the alleged offense, only that Works had admitted to drinking alcohol. During Works' testimony, he denied committing the offense and indicated that he was fighting the charge, which was set for trial on a future date. No police officers or witnesses to the alleged offense testified and no additional evidence was submitted to support a finding that Works had violated any law. Consequently, the trial court abused its discretion in finding that substantial evidence was presented that Works had violated Rule #1.

{¶ 19} Works also argues that the State failed to prove that he had violated Rule #6, which provided that he "not use or possess any controlled substance or drugs of abuse." Works contends that his admission to using alcohol did not amount to a violation of Rule #6, because alcohol is neither a controlled substance nor a drug of abuse. We agree. We have previously found that alcohol is neither a controlled substance nor a drug of abuse as defined by the Ohio Revised Code. *State v. Stamps*, 2d Dist. Montgomery No. 23541, 2010-Ohio-1510, ¶ 13, citing R.C. 3719.011(A) and R.C. 4729.01(E). Thus, Works' admitted consumption of alcohol was insufficient to sustain a violation of Rule #6. No evidence was presented that Works used any controlled substance or drug of abuse, and he specifically denied using any during his testimony.

Based on this evidence, the trial court abused its discretion in finding that Works' admitted use of alcohol was a violation of his probation.   His second assignment of error is sustained.

{¶ 20} Because we sustain Works' second assignment of error, which is dispositive of this appeal, we need not address his remaining assignments of error. *See* App.R. 12(A)

### III.   Conclusion

{¶ 21} Having sustained Works' second assignment of error, the order of the trial court revoking his community-control sanction and imposing a 36-month sentence is reversed.

. . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.